

DA 07-0403

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 157

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

JOHN ROBERT NOVAK, a/k/a BOBBY HUNTER,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Sixteenth Judicial District,
                 In and For the County of Fallon, Cause No. DC-2006-5
                 Honorable Joe L. Hegel, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

              Jim Wheelis, Chief Appellate Defender, Helena, Montana;
              Ali Moulton, Regional Public Defender, Glendive, Montana

       For Appellee:

              Hon. Mike McGrath, Montana Attorney General, J. Stuart Segrest,
              Assistant Attorney General, Helena, Montana

                       Submitted on Briefs:  March 26, 2008

                                 Decided:  May 6, 2008

Filed:

                        _____
                               Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1	On appeal, John Robert Novak ("Novak"), raises several challenges to the legality of his sentence. We affirm.

¶2	We restate the issue as follows:

¶3	Did the District Court impose an illegal sentence on Novak?

## BACKGROUND

¶4	Novak was charged with criminal distribution of dangerous drugs in violation of § 45-9-101(4), MCA, for selling 0.06 grams of crystal methamphetamine to an undercover informant. Novak pled guilty by *Alford* plea. Prior to the sentencing hearing, the District Court determined that, as a result of his impaired mental capacity at the time of the crime, Novak was eligible for a statutory exception to the mandatory minimum sentence. However, the District Court chose to sentence Novak to ten years, with six suspended, which is more than the mandatory minimum.

## STANDARD OF REVIEW

¶5	We review a criminal sentence for legality only; our review is confined to whether the sentence falls within the parameters prescribed by statute. *State v. Rogers*, 2007 MT 227, ¶ 20, 339 Mont. 132, ¶ 20, 168 P.3d 669, ¶ 20.

## DISCUSSION

¶6	**Did the District Court impose an illegal sentence on Novak?**

¶7	A conviction of criminal distribution of dangerous drugs carries a mandatory minimum prison sentence of one year, and a maximum of life. Section 45-9-101(4), MCA. The District Court committed Novak to the custody of the Department of

Corrections for ten years, and suspended six years of the sentence. This sentence falls squarely within the statutory range set forth by § 45-9-101(4), MCA.

¶8 However, Novak argues that because the District Court determined he was eligible for an exception to the statutory minimum sentence due to his impaired mental capacity, § 46-18-222(2), MCA, the District Court erred by choosing not to apply the exception. Novak is not the first to make this argument, and we have rejected it each time we have addressed it in the past. *Rogers*, ¶ 39; *State v. Legg*, 2004 MT 26, ¶ 49, 319 Mont. 362, ¶ 49, 84 P.3d 648, ¶ 49; *State v. Keith*, 2000 MT 23, ¶ 23, 298 Mont. 165, ¶ 23, 995 P.2d 966, ¶ 23; *State v. Zabawa*, 279 Mont. 307, 317, 928 P.2d 151, 157 (1996). This Court "has consistently held that the exceptions set forth at § 46-18-222, MCA, do not apply in cases in which the district court sentences the offender to more than the minimum sentence." *Rogers*, ¶ 39 (citation omitted). In other words, the fact that the court determined that Novak was eligible for an exception to the mandatory minimum sentence does not mean that he is entitled to it.

¶9 Next, Novak argues that the District Court's sentence fails to comply with § 46-18-225, MCA, the non-violent felony offender provision. This section requires judges to first consider alternatives to imprisonment, such as a community corrections program or a pre-release program, for non-violent felony offenders. Section 46-18-225(1), MCA. Novak did not raise this objection below, and does not argue that any *Lenihan* exception applies. *State v. Lenihan*, 184 Mont. 338, 602 P.2d 997 (1979) (allowing appellate review of sentences where appellant alleges the sentence is illegal or exceeds statutory

mandates, regardless of whether an objection was made at sentencing). Thus, we decline to address this issue for the first time now on appeal.

¶10 Finally, Novak claims the District Court failed to adequately state the reasons for his sentence in open court. Section 46-18-115(6), MCA, provides that "[i]n felony cases, the court shall specifically state all reasons for the sentence, including restrictions, conditions, or enhancements imposed, in open court on the record and in the written judgment." The transcript of the sentencing hearing undermines Novak's claim.

¶11 The District Court listed numerous reasons explaining the sentence it reached. First, the court found that Novak was "not a good candidate for community placement" because he "has a problem with following rules and complying with authority." Further, the court found, "there is no program in this community, including probation, that's going to provide him with what he needs in order to make what progress he can make." The court declined to place Novak in boot camp or on probation, because it found those placements would set up him for failure. The court also cited evidence of Novak's "inability to follow the rules of release" in the past, and his failure to appear before the court on time for the sentencing hearing as reasons for placing him in a more restrictive environment, where he would be subject to stricter supervision. In sum, the court stated: "The Court feels that this is the best chance that the Defendant will have to obtain appropriate treatment and monitoring and supervision . . . so that he will be back in the community without an extensive delay."

¶12 Contrary to Novak's assertion, we conclude that the District Court provided numerous reasons for the sentence it chose to impose. Thus, the court's oral pronouncement of sentence complies with the requirements of § 46-18-115(6), MCA.

## CONCLUSION

¶13 The sentence imposed by the District Court falls within the parameters of § 45-9-101(4), MCA. Novak has failed to demonstrate that the sentence is illegal. Affirmed.


/S/ W. WILLIAM LEAPHART


We concur:


/S/ BRIAN MORRIS
/S/ JOHN WARNER
/S/ PATRICIA COTTER
/S/ JIM RICE

5