*2 **224 ¶1 Representing himself, Joseph Edward Lawrence filed a petition for a writ of habeas corpus asserting he is entitled to relief because he pleaded guilty to two sexual offenses pursuant to North Carolina v. Alford , 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), in violation of § 46-12-204(4), MCA, which provides that a "court may not accept a plea of nolo contendere in a case involving a sexual offense[.]" This Court ordered a response from the State. The State filed its response and the matter is now ready for decision.
¶2 In August 2012, the State charged Lawrence in the Twenty-First Judicial District Court, Ravalli County, with two counts of soliciting sexual intercourse without consent. The affidavit in support of the Information alleged that Lawrence offered to give a 14-year-old boy a "blow job" in July 2012 and offered to pay a 13-year-old $100 to perform oral sex in September 2007. Following subsequent investigation, the State filed a Second Amended Information adding 243 counts of sexual abuse of children based on Lawrence's possession and production of pornographic images of children.
¶3 In May 2014, Lawrence signed a plea agreement in which he agreed to enter an " Alford plea" to amended charges of sexual assault and solicitation for sexual assault. The agreement allowed Lawrence to reserve his right to appeal any denial of his motion to sever the charges, but the District Court did not rule on the severance motion prior to accepting Lawrence's plea. The District Court sentenced Lawrence to thirty years in prison with twenty years suspended. Lawrence appealed, arguing that his conditional plea was invalid because the District Court did not rule on his motion to sever prior to accepting Lawrence's plea. Based upon the State's concession, we reversed and remanded with instructions to vacate the entry of Lawrence's guilty plea and sentence. State v. Lawrence , DA 14-0720, 2016 MT 209N, 2016 Mont. LEXIS 773.
¶4 The District Court, upon receiving this Court's Opinion, reinstated the second Amended Information as the effective charging document **225 and set the matter for trial to begin April 28, 2017. However, a month prior to trial, Lawrence requested the District Court dismiss his counsel and that he be permitted to proceed pro se . The District Court granted Lawrence's request. During a final pretrial conference, the State and Lawrence entered into a plea agreement whereby Lawrence pleaded "guilty by Alford " to one count of sexual assault and one count of solicitation for sexual assault and, in exchange, the State dismissed 243 counts of sexual abuse. On June 28, 2017, the District Court imposed a twenty-year sentence with ten years suspended and gave Lawrence credit for 1,103 days of time already served.
¶5 In his Petition for Writ of Habeas Corpus, Lawrence raises many claims, including a claim that his Alford pleas are invalid because, pursuant to § 46-12-204(4), MCA, a court may not accept a "plea of nolo contendere in a case involving a sexual offense[.]" Lawrence also relies on State v. Hansen , 2017 MT 280, 389 Mont. 299, 405 P.3d 625, in which this Court determined Hanson's sentence was illegal because the sentence was imposed based on Hanson's no contest plea to a sexual offense. Lawrence's petition requires us to resolve the following dispositive issue:
In Montana, is an "Alford plea" synonymous to a "nolo contendere plea" which, under § 46-12-204(4), MCA, the court may not accept in a case involving a sexual offense?
¶6 In Alford , the Supreme Court held that Alford's plea of guilty was valid even though Alford protested his innocence and indicated he would not have pleaded guilty except for the opportunity to limit the possible penalty. The Supreme Court noted that "[s]tate and lower federal courts are divided upon whether a guilty plea can be accepted when it is accompanied by protestations of innocence and hence contains only a waiver of trial but no admission of guilt." Alford , 400 U.S. at 33, 91 S.Ct. at 165. However, the *3 Court concluded that "the Constitution does not bar imposition of a prison sentence upon an accused who is unwilling expressly to admit his guilt but who, faced with grim alternatives, is willing to waive his right to trial and accept the sentence." Alford , 400 U.S. at 36, 91 S.Ct. at 167. Moreover, the fact that Alford's plea "was denominated a plea of guilty rather than a plea of nolo contendere is of no constitutional significance with respect to the issue now before us, for the Constitution is concerned with the practical consequences, not the formal categorizations, of state law." Alford , 400 U.S. at 37, 91 S.Ct. at 167. Thus, while most guilty pleas consist of both a waiver of trial and an admission of guilt, "the latter element is not a constitutional requisite to the imposition of **226 criminal penalty." Alford , 400 U.S. at 37, 91 S.Ct. at 167. Significantly, the Supreme Court recognized that a trial judge does not have to accept every constitutionally valid plea merely because a defendant wishes to plead. "A criminal defendant does not have an absolute right under the Constitution to have his guilty plea accepted by the court, ..." and "the States may bar their courts from accepting guilty pleas from any defendants who assert their innocence." Alford , 400 U.S. at 38, 91 S.Ct. at 169 n.11.
¶7 The Montana Legislature responded to Alford by enacting § 46-12-212, MCA (1991), which requires courts to determine whether a factual basis exists to support a guilty plea before accepting it. Section 46-12-212, MCA, provides:
(1) The court may not accept a guilty plea without determining that there is a factual basis for the plea in charges of felonies or misdemeanors resulting in incarceration.
(2) A defendant who is unwilling to admit to any element of the offense that would provide a factual basis for a plea of guilty may, with the consent of the court, enter a plea of guilty to the offense if the defendant considers the plea to be in the defendant's best interest and if a factual basis exists for the plea.
¶8 The 1991 Commission Comments to § 46-12-212, MCA, indicate:
Subsection (2) was developed to allow formal recognition of what is commonly called the 'Alford plea.' This procedure, arising from the United States Supreme Court case of N.C. v. Alford , 400 U.S. 25 [91 S.Ct. 160, 27 L.Ed.2d 162] (1970), allows a defendant to plead guilty without actually admitting to the charge if he has reviewed the evidence against him, if he is capable of making a voluntary, knowing, and intelligent choice, and if the record contains strong evidence of guilt.
The 1991 Commission Comments to § 46-12-204, MCA, indicate that the committee considered including a nolo contendere plea, but determined it was unnecessary in light of the defendant's plea option under Alford . Section 46-12-212(2), MCA, permits a defendant to enter a guilty plea without admitting that he committed the offense if a factual basis exists and if the defendant believes the plea is in his best interest. This Court has recognized that "[a]n Alford plea allows a defendant to plead guilty to an offense without acknowledging his guilt." State v. Peterson , 2013 MT 329, ¶ 8, 372 Mont. 382, 314 P.3d 227. In Montana, when a defendant enters such a "plea by Alford ," as Lawrence did here, he still pleads guilty.
¶9 The Legislature enacted § 46-12-212(2), MCA, in 1991 to provide defendants with the option of entering a guilty plea pursuant to Alford , **227 and then, in 1999, the Legislature added a third plea alternative to § 46-12-204(1), MCA, by allowing a defendant to plead "nolo contendere." Section 46-12-204(1), MCA, now sets forth a defendant's three plea alternatives in Montana, whereby a defendant may plead: (1) guilty, which includes a "plea by Alford " pursuant to § 46-12-212(2), MCA ; (2) not guilty; or (3) nolo contendere with the consent of the court and prosecutor. In a case involving a sexual offense, however, a court may not accept a plea of nolo contendere. Section 46-12-204(4), MCA ; see also Hansen , ¶ 3. Therefore, a defendant charged with a sexual offense may only plead guilty, which includes an Alford guilty plea pursuant to § 46-12-212(2), MCA, or not guilty.
¶10 In this case, Lawrence entered a plea of "guilty by Alford " to the sexual offenses pursuant to § 46-12-212(2), MCA ; he did not enter a plea of nolo contendere. Because an *4 " Alford plea" is a guilty plea, courts are not statutorily prohibited from accepting Alford pleas in sexual offenses. Accordingly, we conclude Lawrence's Alford pleas were guilty pleas, not nolo contendere pleas, and that § 46-12-204(4), MCA, did not prohibit the District Court from accepting the Alford pleas to the sexual offenses.
¶11 Lawrence raises several other issues that are not appropriate for us to address in a petition for habeas corpus relief. " '[A] defendant waives the right to appeal all nonjurisdictional defects upon voluntarily and knowingly entering a guilty plea, including claims of constitutional violations which may have occurred prior to the plea.' " State v. Pavey , 2010 MT 104, ¶ 11, 356 Mont. 248, 231 P.3d 1104 (quoting State v. Violette , 2009 MT 19, ¶ 16, 349 Mont. 81, 201 P.3d 804 ) (internal citations omitted). Lawrence's challenges to the court's authority needed to be raised prior to the plea agreement. Lawrence's constitutional challenges are also not appropriately raised in this habeas corpus proceeding. See Gates v. Missoula County Comm'rs , 235 Mont. 261, 262, 766 P.2d 884, 884-85 (1988).
¶12 Lawrence's Motion for Plain Error Review, in which he requests a full court docket review under federal law, is not appropriate in this state court habeas corpus proceeding. Lawrence should have raised any structural defect or error on direct appeal. State v. Clemans , 2018 MT 187, ¶ 20, 392 Mont. 214, 422 P.3d 1210. Lawrence is barred from requesting such review. Section 46-22-101(2), MCA.
¶13 Finally, Lawrence contends that he is due 695 days of credit for house arrest. He provides no case law or argument to support such request. An offender is only entitled to credit under home arrest if he is serving a deferred or suspended sentence.
**228 Section 46-18-203(7)(b), MCA, provides: "If a suspended or deferred sentence is revoked, the judge shall consider any elapsed time[,] ... Credit must be allowed for time served in a detention center or for home arrest time already served." Lawrence correctly received credit for time served prior to his conviction and sentencing, pursuant to § 46-18-403(1), MCA, and is not entitled to any credit for house arrest. Furthermore, Lawrence is ineligible for home arrest. See § 46-18-1004, MCA ("A person being held under a detainer, warrant, or process issued by some other jurisdiction is not eligible for home arrest.").
IT IS ORDERED that Lawrence's Petition for a Writ of Habeas Corpus is DENIED.
IT IS FURTHER ORDERED that Lawrence's Motion for Plain Error Review is DENIED and DISMISSED.
The Clerk of the Supreme Court is directed to provide a copy of this Order to counsel of record and to Joseph Edward Lawrence personally.
We concur:
BETH BAKER, J.
JAMES JEREMIAH SHEA, J.
DIRK M. SANDEFUR, J.
JIM RICE, J.