

FILED

03/31/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0431

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 19-0431

FILED

MAR 3 1 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

STATE OF MONTANA,

Plaintiff and Appellee,

v.

ORDER

JOSEPH E. LAWRENCE,

Defendant and Appellant.

The State of Montana moves for dismissal of this appeal. Self-represented Appellant Joseph E. Lawrence has filed a response in opposition.

In April 2017, Lawrence entered *Alford* (*N.C. v. Alford*, 400 U.S. 25, 91 S. Ct. 160 (1970)) pleas to felony sexual assault and felony solicitation for sexual assault in April 2017. On June 28, 2017, the Twenty-First Judicial District Court, Ravalli County, imposed a twenty-year sentence with ten years suspended and gave Lawrence credit for 1,103 days of time served. He did not appeal his 2017 convictions, but sought habeas corpus relief. This Court denied Lawrence relief in an Opinion and Order issued March 26, 2019. *Lawrence v. Guyer*, No. OP 18-0440, 2019 MT 74, 395 Mont. 222, 440 P.3d 1. This Court held that "Lawrence's *Alford* pleas were guilty pleas, not nolo contendere pleas, and that § 46-12-204(4), MCA, did not prohibit the District Court from accepting the *Alford* pleas to the sexual offenses." *Lawrence*, ¶ 10.

On June 25, 2019, Lawrence filed a post judgment motion to compel production in his underlying criminal proceeding involving the two sexual offenses for which he was convicted. In denying Lawrence's motion to compel, the District Court summarized Lawrence's motion as seeking information related to misconduct involving former Twenty-First Judicial District Court Judges Jeffrey H. Langton and James A. Haynes, as well as Ravalli County Attorney Bill Fulbright. The District Court concluded that

Lawrence waived his right to make these challenges when Lawrence pleaded guilty nearly two years earlier. We agree.

Section 46-20-104(1), MCA, provides: "An appeal may be taken by the defendant only from a final judgment of conviction and order after judgment which affect the substantial rights of the defendant." Lawrence is appealing an order issued after judgment. His case was completed in District Court and this Court denied Lawrence habeas corpus relief. Lawrence has failed to show that the denial of his motion to compel affects his substantial rights; Lawrence pleaded guilty, did not preserve or raise this issue prior to entering his guilty plea, and did not appeal his convictions. We have determined that this appeal is improper and that its dismissal is warranted. Accordingly,

IT IS ORDERED that the State's Motion to Dismiss is GRANTED and this appeal is DISMISSED with prejudice.

The Clerk of the Supreme Court is directed to provide a copy of this Order to counsel of record and to Joseph E. Lawrence personally.

DATED this 31st day of March, 2020.

_____
Chief Justice

_____

_____

_____

_____
Justices

2