FILED

06/03/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0289

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 20-0289

STATE OF MONTANA,

Plaintiff and Appellee,

v.

THOMAS FRENCH,

Defendant and Appellant.

FILED

JUN 0 2 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

In a May 5, 2020 Order, this Court denied self-represented Petitioner Thomas French's petition for an out-of-time appeal. We stated that French did not comply with the Montana Rules of Appellate Procedure; did not present a verified or notarized petition; and did not give much information about his criminal conviction. French has since filed another petition for an out-of-time appeal.

French provides an unverified petition again with the same grounds as before: that his attorney failed to file an appeal even though he asked his counsel to do so. He adds that he was sentenced to the Montana State Prison for sixty years with no time suspended for sexual intercourse without consent. He states that he did not receive a copy of the judgment. French asserts that he has a viable issue for appeal because he entered an *Alford* plea in his criminal case which the Montana Code Annotated "has an express statutory prohibition and cannot be taken when one has been charged with sexual intercourse without consent." He concludes that his *Alford* plea is invalid and requests appointment of counsel. French does not provide the statutory section.

We secured a copy of French's sentencing judgment. On September 30, 2019, the Twenty-First Judicial District Court, Ravalli County, accepted French's guilty pleas by way of *Alford* plea[1] to two counts of felony sexual intercourse without consent, pursuant to § 45-5-503(1)(3)(a), MCA (2013), and § 45-5-503(1),(2), MCA (2015).

---

[1] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160 (1970).

French is incorrect in his assertion. No statutory prohibition exists for a district court to accept a guilty plea by way of *Alford* to a sexual offense, such as sexual intercourse without consent. Both the 2013 and 2015 versions of § 46-12-212, MCA, allow such a plea, given a factual basis. These *Alford* pleas are still guilty pleas. *Lawrence v. Guyer*, 2019 MT 74, ¶¶ 8-9, 395 Mont. 222, 440 P.3d 1. A plea by way of *Alford* is not the same as a plea of *nolo contendere*, which is barred by statute for a sexual offense. Section 46-12-204(4), MCA; *Lawrence*, ¶¶ 5, 9.

This Court has already decided that French's out-of-time appeal cannot proceed. "Unless otherwise ordered, the supreme court's dismissal of an appeal or cross-appeal is with prejudice and constitutes the final judgment of the supreme court." M. R. App. P. 19(2). Although not stated, this Court's previous denial of his out-of-time appeal is with prejudice. It is also dispositive here. Accordingly,

IT IS ORDERED that French's Petition for Out-of-Time Appeal is DENIED and DISMISSED with prejudice.

IT IS FURTHER ORDERED that French's Request for Appointment of Counsel is DENIED, as moot.

The Clerk is directed to provide a copy of this Order to counsel of record and to Thomas French personally.

DATED this 2nd day of June, 2020.

Justices

2