FILED

01/18/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0470

DA 20-0470

IN THE SUPREME COURT OF THE STATE OF MONTANA

2022 MT 14N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

TRACY ALAN REXFORD,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 18-0537
Honorable Jessica T. Fehr, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Benjamin M. Darrow, Darrow Law PLLC, Missoula, Montana

      For Appellee:

      Austin Knudsen, Montana Attorney General, Roy Brown, Assistant
Attorney General, Helena, Montana

      Scott Twito, Yellowstone County Attorney, Brett D. Linneweber, Deputy
County Attorney, Billings, Montana

Submitted on Briefs:  December 15, 2021

Decided:  January 18, 2022

Filed:

_____
Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant Tracy Alan Rexford (Rexford) appeals an August 5, 2020 Judgment of the Thirteenth Judicial District Court, Yellowstone County, which sentenced Rexford to 30 years in Montana State Prison (MSP), with fifteen years suspended, for Sexual Assault of a minor victim. We affirm.

¶3 In February 2018, then-fourteen-year-old K.N. informed the Yellowstone County Sheriff's Department that Rexford—K.N.'s grandfather—had sexually penetrated and sexually abused her on numerous occasions, beginning in late 2016 and lasting through January 2018. K.N. reported that Rexford had sexually abused her approximately "one to three times per month" during this time span, and she described several instances of this abuse with clear specificity. Forensic interviews with K.N.'s parents and with K.N.'s best friend corroborated these allegations. K.N.'s allegations concerning Rexford's conduct are not disputed by Rexford in this appeal.

¶4 On May 2, 2018, the State filed an Information charging Rexford with one count of Sexual Intercourse Without Consent (SIWC) under § 45-5-503(3)(a), MCA (SIWC of victim less than sixteen years old), along with an alternative count of Sexual Assault under § 45-5-502(3), MCA (sexual assault of a minor). In the Information, the State provided

2

notice of its intent to pursue "penalty enhancement[s]" for both the SIWC charge and the alternative sexual assault charge which, if successful, would have permitted a sentence of up to 100 years for either offense. On December 2, 2019, Rexford entered a plea agreement with the State, whereby the State agreed to dismiss the SIWC charge and instead pursue only the lesser felony charge of sexual assault, for which the State would recommend a 40-year sentence to MSP with 20 years suspended. In return, Rexford agreed to plead guilty via an *Alford* plea—a unique type of plea afforded to criminal defendants by *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160 (1970).[1] *Alford* pleas are codified in Montana under § 46-12-212(2), MCA.[2]

¶5 On December 2, 2019, the District Court held a change of plea hearing to rule on Rexford's plea agreement. During this hearing, pursuant to the requirements for a valid

---

[1] In *Alford*, the United States Supreme Court held that "the Constitution does not bar imposition of a prison sentence upon an accused who is unwilling expressly to admit his guilt but who, faced with grim alternatives, is willing to waive his [right to] trial and accept the sentence." *Alford*, 400 U.S. at 36, 91 S. Ct. at 167. Nevertheless, the *Alford* Court also noted that "[a] criminal defendant does not have an absolute right under the Constitution to have his guilty plea accepted by the court" and that "States may bar their courts from accepting guilty pleas from any defendants who assert their innocence." *Alford*, 400 U.S. at 38 n.11, 91 S. Ct. at 168 n.11.

[2] In 1991, the Montana Legislature codified the *Alford* decision by enacting § 46-12-212(2), MCA (Montana's version of the *Alford* plea). Section 46-12-212(2), MCA, provides, in part:

> A defendant who is unwilling to admit to any element of the offense that would provide a factual basis for a plea of guilty may, with the consent of the court, enter a plea of guilty . . . to the offense if the defendant considers the plea to be in the defendant's best interest and if a factual basis exists for the plea.

Furthermore, in interpreting § 46-12-212(2), MCA, this Court has recognized that "[a]n *Alford* plea allows a defendant to plead guilty to an offense without acknowledging his guilt." *State v. Peterson*, 2013 MT 329, ¶ 8, 372 Mont. 382, 314 P.3d 227 (citations omitted). Nevertheless, "[i]n Montana, when a defendant enters . . . a 'plea by *Alford*' . . . he still pleads guilty." *Lawrence v. Guyer*, 2019 MT 74, ¶ 8, 395 Mont. 222, 440 P.3d 1.

*Alford* plea under § 46-12-212(2), MCA, Rexford expressly acknowledged that the facts offered by the State would be sufficient to prove that he was guilty of sexual assault of a minor beyond a reasonable doubt and that the plea was in his own best interests. The District Court made these same two factual findings and accepted Rexford's *Alford* plea.

¶6 Rexford's sentencing hearing was held on June 12, 2020. The State's witnesses at the sentencing hearing included K.N., K.N.'s stepsister, and both of K.N.'s parents. K.N. and her immediate family members testified that, in response to Rexford's sexual abuse, K.N. had regular "night terrors," had been clinically diagnosed with anxiety and depression, regularly suffered from flashbacks of the abuse, and had attempted suicide on four separate occasions. The Defense's witnesses at the hearing were Dr. Michael Sullivan (Sullivan) and Howard Lewis (Lewis)—two of Rexford's treatment providers from the Montana Sex Offender Treatment Organization. Sullivan testified that he had prepared a psychosexual evaluation of Rexford which advised that in-community treatment would prove beneficial to Rexford. Lewis's testimony regarding his treatment sessions with Rexford also supported Sullivan's conclusion about in-community treatment; however, Lewis's testimony noted that his and Sullivan's assessments were "totally disconnected from any appraisal of impact on the victim or the victim's family[.]" Lewis also testified that Rexford remained "defensive and a little combative" during treatment sessions.

¶7 During Rexford's sentencing hearing, the State also moved to dismiss Rexford's SIWC charge in favor of a charge of sexual assault of a minor under § 45-5-502(3), MCA, which carries a mandatory minimum sentence of four years. At the hearing, Rexford argued that he was entitled to an exception to the four-year mandatory minimum under §

4

46-18-222(6), MCA (statute permitting discretionary "[e]xceptions to mandatory minimum sentences" in sexual offense cases). Citing the language of § 46-18-222(6), MCA, which requires a court to consider the "protection of the victim and society" before granting an exception to the mandatory minimum, the District Court held that this exception did not apply on the ground that "[Rexford's] treatment in the community [would] not provide the necessary protection for the victim and society." Ultimately, the District Court sentenced Rexford to MSP for 30 years with fifteen years suspended for sexual assault of a minor. On August 5, 2020, the District Court issued a ten-page Judgment in support of this sentence. On September 25, 2020, Rexford filed his notice of appeal.

¶8 Rexford's appeal raises three issues, each of which asks this Court to vacate his sentence on the grounds that it is an "illegal sentence." First, Rexford contends that, in entering his plea before the District Court, he actually intended to enter a "nolo contendere" plea under §46-12-212(2), MCA, rather than an *Alford* guilty plea under this same statutory subsection. Second, Rexford alleges that, even if he did enter an *Alford* guilty plea, this plea was illegal pursuant to the legislative history underlying the adoption of § 46-12-204(4), MCA. Third, Rexford alleges that the District Court erred in finding him ineligible for an exception to the mandatory minimum sentence under § 46-18-222(6), MCA.

¶9 This Court "generally do[es] not address issues raised for the first time on appeal." *State v. Longfellow*, 2008 MT 343, ¶ 19, 346 Mont. 286, 194 P.3d 694. Nevertheless, when a criminal defendant's fundamental rights are invoked, this Court "may . . . review a claim under the common law plain error doctrine where failing to review the claimed error may

5

result in a manifest miscarriage of justice, may leave unsettled the question of the fundamental fairness of the trial or proceedings, or may compromise the integrity of the judicial process." *State v. Taylor*, 2010 MT 94, ¶ 12, 356 Mont. 167, 231 P.3d 79 (citations omitted).

¶10 This Court "review[s] criminal sentences that include at least one year of actual incarceration to determine whether they are legal." *State v. Garrymore*, 2006 MT 245, ¶ 9, 334 Mont. 1, 145 P.3d 946 (citations omitted). "[A] sentence is not illegal when it falls within the parameters provided by statute." *State v. Montoya*, 1999 MT 180, ¶ 11, 295 Mont. 288, 988 P.2d 937 (citations omitted). "[T]he legality of a sentence is a question of law which we review de novo." *State v. Hamilton*, 2018 MT 253, ¶ 14, 393 Mont. 102, 428 P.3d 849 (citing *Garrymore*, ¶ 9).

¶11 It is undisputed that the District Court approved Rexford's plea as an *Alford* plea. Nevertheless, Rexford first argues that he did not intend to plead guilty pursuant to *Alford*. Instead, Rexford contends that he was actually seeking to enter a "nolo contendere" plea. Rexford does not cite any evidence from the record that would indicate his intent was to enter a nolo contendere plea. Instead, Rexford argues that his plea should be considered a "de facto" nolo contendere plea under § 46-12-212(2), MCA, because his plea involved the waiver of his right to trial without an ordinary admission of guilt, making it "essentially indistinguishable" from a nolo contendere plea. Based on this, Rexford argues that the District Court's acceptance of Rexford's plea as an *Alford* plea resulted in an "oppressive sentence" which constituted a plain error. Rexford asks that his plea be vacated. We conclude Rexford's argument here lacks merit.

6

¶12 First, while a District Court's misunderstanding of a defendant's intended plea may indeed warrant plain error review, no such analysis is required here. Instead, all evidence from the record thoroughly indicates that Rexford understood and intended for his plea to be an *Alford* plea. The first sentence of Rexford's own plea agreement reads that Rexford "agrees to enter an *Alford* plea . . . as hereinafter set forth." Additionally, during Rexford's December 2019 change of plea hearing, the District Court repeatedly confirmed with Rexford that it was indeed his intent to enter an *Alford* plea under Montana law, as evidenced by the following exchange from the hearing:

> **Court:** On page 3 of the [plea] agreement . . . there's a written interlineation to clarify that the intention today is for you to enter an *Alford* plea and not a guilty plea, I have asked counsel to all initial next to the change, and again I see TR, are those your initials?
>
> **Rexford**: Yes, they are.
>
> **Court**: And when you initialed there, did you understand that the change that was being made, that instead of a plea of guilty, you'll be entering an *Alford* plea?
>
> **Rexford**: That's correct.
>
> **Court**: And did you discuss the nature of an *Alford* plea with your counsel?
>
> **Rexford**: I did.
>
> **Court**: And you understand that an *Alford* plea requires you to admit that the State could prove what they say they could prove at trial?
>
> **Rexford**: Yes.
>
> **Court**: And also that you believe that entering this *Alford* plea is in fact in your best interests?
>
> **Rexford**: That's correct.

7

**Court**: Have you discussed with your counsel that under Montana law an *Alford* plea is considered, for all intents and purposes, a guilty plea?

**Rexford**: Correct.

We therefore reject Rexford's contention that he intended to enter a nolo contendere plea in lieu of an *Alford* plea.

¶13 Further, we note that the only legally valid interpretation of Rexford's plea is as an *Alford* plea, as Rexford entering a nolo contendere plea would not have been permissible under § 46-12-204(4), MCA, which prohibits courts from "accept[ing] a plea of nolo contendere in a case involving a sexual offense" such as Rexford's offense of felony sexual assault. Instead, a defendant charged with a sexual offense "may only plead guilty . . . or not guilty." *Lawrence*, ¶ 9. Conversely, an *Alford* plea was indeed lawfully available to Rexford as an alternative form of a guilty plea. In *Lawrence*, we held that § 46-12-204(4), MCA's prohibition of nolo contendere pleas in sexual offense cases does not prohibit courts from accepting *Alford* pleas in sexual offense cases because "an '*Alford* plea' is a guilty plea" that is distinct from a plea of nolo contendere. *Lawrence*, ¶10. As a result, Rexford's first argument fails.

¶14 Rexford's second argument contends that, even if this Court finds that Rexford entered an *Alford* plea, this plea should be reversed under plain error review on the ground that it is an illegal plea under § 46-12-204(4), MCA (statute titled "Plea alternatives") based on the legislative history underlying this statute's adoption. In particular, Rexford argues that when the Montana Legislature amended the "Plea alternatives" statute in 1999 to prohibit nolo contendere pleas for sexual offense cases, that it intended for this prohibition

8

to apply to *Alford* pleas as well. However, Rexford's second argument necessarily fails, as it attempts to resurrect the same argument surrounding the interpretation of § 46-12-204(4), MCA, that this Court already rejected in *Lawrence*, ¶¶ 5-10.

¶15 In *Lawrence*, this Court analyzed the intent behind the 1991 and 1999 Legislatures' respective introductions of, and amendments to, §§ 46-12-212 and 46-12-204, MCA. *See Lawrence*, ¶¶ 6-9. We explained that, in enacting these statutes, the Legislature intended to provide criminal defendants with the option of entering an *Alford* plea back in 1991. *See Lawrence*, ¶¶ 8-9. Later, in 1999, the Legislature added another separate plea alternative in the form of a nolo contendere plea and excluded the use, in sexual offense cases, of *this* type of plea only. *See Lawrence*, ¶ 9.[3] As a result, we concluded that "Lawrence's *Alford* pleas were guilty pleas, not nolo contendere pleas, and that § 46-12-204(4), MCA, did not prohibit the District Court from accepting [] *Alford* pleas to [] sexual offenses." *Lawrence*, ¶ 10. Because of this Court's prior decision in *Lawrence*, Rexford's second argument necessarily fails. Moreover, as the Court has already decided this issue,

---

[3] In particular, *Lawrence*, ¶ 9, notes that:

> The Legislature enacted § 46-12-212(2), MCA, in 1991 to provide defendants with the option of entering a guilty plea pursuant to *Alford*, and then, in 1999, the Legislature added a third plea alternative . . . by allowing a defendant to plead "nolo contendere." Section 46-12-204(1), MCA, now sets forth a defendant's three plea alternatives in Montana, whereby a defendant may plead: (1) guilty, which includes a "plea by *Alford*" pursuant to § 46-12-212(2), MCA; (2) not guilty; or (3) nolo contendere with the consent of the court and prosecutor. In a case involving a sexual offense, however, a court may not accept a plea of nolo contendere. Section 46-12-204(4), MCA . . . Therefore, a defendant charged with a sexual offense may only plead guilty, which includes an *Alford* guilty plea pursuant to § 46-12-212(2), MCA, or not guilty.

9

we need not address Rexford's additional arguments in support of plain error review on this issue.

¶16 Rexford's third argument asserts that the District Court committed plain error by "considering [Rexford's] *Alford* plea denial in finding that [Rexford] was ineligible for an exception to the mandatory minimum [sentence]" under § 46-18-222(6), MCA. Here, the District Court sentenced Rexford to 30 years at MSP, with fifteen years suspended, for the crime of sexual assault of a minor. This sentence exceeded the four-year statutory minimum for felony sexual assault of a minor imposed by § 45-5-502(3), MCA. In making its determination regarding the applicability of § 46-18-222(6), MCA, the District Court's August 2020 Judgment noted that the court considered a variety of factors, including the fact that "Defendant, while not accepting full responsibility due to an *Alford* plea, did accept a finding of guilt instead of demanding a trial." Based on this language from the District Court's Judgment, Rexford argues that the District Court, in its decision to not to permit an exception to the mandatory minimum sentence in Rexford's case, improperly penalized Rexford for entering an *Alford* guilty plea in lieu of accepting "full responsibility" by entering an ordinary guilty plea. As a result, Rexford argues that the District Court erred by failing to apply § 46-18-222(6), MCA, resulting in an illegal sentence. However, Rexford's third argument fails on three separate grounds.

¶17 First, Rexford's appeal mischaracterizes the District Court's reference to Rexford's *Alford* plea in its August 2020 Judgment as a factor that weighed *against* Rexford receiving an exception to the mandatory minimum sentence. Instead, the District Court's Judgment expressly labels Rexford's decision to enter an *Alford* plea as a "[m]itigating factor" in its

10

§ 46-18-222(6), MCA, analysis; that is, the District Court's Judgment actually held that Rexford's willingness to "accept a finding a guilt" via an *Alford* plea was a factor that weighed in favor of awarding Rexford a more lenient sentence under § 46-18-222(6), MCA. As a result, Rexford's argument that the District Court did not apply § 46-18-222(6), MCA, because Rexford opted to enter an *Alford* plea is without merit.

¶18 Second, even if Rexford had not mischaracterized the District Court's finding here, § 46-18-222(6), MCA's exception to the mandatory sentencing minimum is still inapplicable in Rexford's case. Under the text of § 46-18-222(6), MCA, a district court may permit an exception to the mandatory minimum sentence for sexual offenses *only* when the court determines, "based on the findings contained in a psychosexual evaluation report," that two prongs are met: (1) the treatment of the sexual offender "in a local community" must offer a "better opportunity for rehabilitation of the offender"; (2) and the treatment of the sexual offender "in a local community" must be appropriate "for the ultimate protection of the victim and society[.]" Rexford's appeal correctly notes that his psychosexual evaluation report affirmed that Rexford could be successfully treated in the community, satisfying the first prong of § 46-18-222(6), MCA's test. However, as noted in the District Court's Judgment, Rexford's psychosexual evaluation report was tellingly silent on the second prong of this analysis, and one of Rexford's treatment providers testified that the report was "totally disconnected" from any evaluation of the impact Rexford's actions had on the victim. Overall, Rexford's appeal offers no compelling evidence to refute the District Court's well-founded conclusion that Rexford's "[t]reatment in the community will not provide the necessary protection for the victim and society."

11

¶19 In support of its determination that Rexford remained a danger to society, the District Court's Judgment cited additional testimony from one of Rexford's sex offender treatment providers, who noted that Rexford was "defensive and a little combative" during treatment sessions. Further, in support of its determination that Rexford remained a danger to the victim herself, the District Court's Judgment cited testimony from the State's witnesses at Rexford's sentencing hearing as follows:

> [T]he Defendant's conduct resulted in self-harm, including four suicide attempts, by the victim. The victim testified in great detail at the sentencing as to the impact Defendant's conduct had on her life, the way she valued herself, and the fears she had if she told anyone of the abuse. The victim kept the abuse a secret, and allowed it to go on, as she feared that she would not be believed . . . and that it would cause a divorce [between her parents]. The victim's [parents and stepsister] all testified about the changes seen in the victim during the course of [the] abuse—corroborating the victim's testimony. Additionally, the victim's [step]sister testified that she saw contact between the victim and the Defendant that she now understands was part of the abuse. The victim's protection is not served by the Defendant remaining in the community for a probationary sentence with community-based treatment.

Considering this evidence, we affirm the District Court's determination that Rexford remains a clear danger to the victim, making him ineligible, under § 46-18-222(6), MCA, for an exception to the mandatory minimum sentence for sexual assault of a minor.

¶20 Third, this Court "has consistently held that the exceptions set forth in § 46-18-222, MCA, do not apply in cases in which the district court sentences the offender to more than the minimum sentence." *State v. Novak*, 2008 MT 157, ¶ 8, 343 Mont. 292, 183 P.3d 887 (quoting *State v. Rogers*, 2007 MT 227, ¶ 39, 339 Mont. 132, 168 P.3d 669). In other words, the sentencing exceptions in § 46-18-222, MCA, "only apply if the district court is predisposed to sentencing the defendant to the mandatory minimum sentence." *Rogers*, ¶

12

39 (holding that § 46-18-222(6), MCA, was inapplicable in a case where the district court sentenced a defendant to two concurrent 20-year prison terms, each with ten years suspended, for the sexual assault of two minors, which was well above the minimum statutory sentence of four years for sexual assault). Much like the sentence in *Rogers*, Rexford's sentence of 30 years with fifteen years suspended was well above the four-year statutory minimum, and there is no evidence to indicate that the District Court was ever "predisposed" towards sentencing Rexford to the four-year statutory minimum.

¶21 In conclusion, Rexford has failed to convince this Court that any aspect of his sentence for felony sexual assault of a minor constitutes an illegal sentence, and we deny Rexford's request that his sentence be vacated. We hereby affirm the sentence imposed by the District Court in its August 2020 Judgment.

¶22 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶23 Affirmed.

/S/ LAURIE McKINNON

We concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR