FILED

10/31/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0620

DA 21-0620

IN THE SUPREME COURT OF THE STATE OF MONTANA

2023 MT 206N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

STEVEN JAMES CLIFTON,

      Defendant and Appellant.

APPEAL FROM:   District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DC-21-016(B)
Honorable Robert B. Allison, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

         James M. Siegman, Attorney at Law, Jackson, Mississippi

      For Appellee:

         Austin Knudsen, Montana Attorney General, Cori Losing, Assistant
Attorney General, Helena, Montana

         Travis Ahner, Flathead County Attorney, Kalispell, Montana

Submitted on Briefs:  July 26, 2023

Decided:  October 31, 2023

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Steven James Clifton (Clifton) appeals from his November 2, 2021 judgment and sentence of the offense of criminal possession of dangerous drugs with intent to distribute pursuant to § 45-9-103, MCA. We affirm.

¶3    Following a long period of negotiation, Clifton entered an Alford plea[1] on August 25, 2021, to criminal possession of dangerous drugs with intent to distribute. As part of that plea agreement, the parties agreed to "jointly recommend" a sentence of four years in Montana State Prison to the District Court. The court accepted the plea. On October 5, 2021, after reviewing the record and the presentence investigation report, the court sentenced Clifton to a term of four years at Montana State Prison with credit for 224 days of time served in custody pursuant to the plea agreement. On November 2, 2021, the court filed a written Judgment and Sentence, which agreed with the oral pronouncement as to the sentence and conditions imposed but added some boiler plate language common in written judgments.

---

[1] Based on *N.C. v. Alford*, 400 U.S. 25, 91 S. Ct. 160 (1970), a defendant may enter a guilty plea without formally admitting to the facts underlying the elements of a crime by acknowledging the State has sufficient facts to prove guilt.

¶4    Clifton did not object at the sentencing. Nor did Clifton move to amend the written judgment within 120 days as § 46-18-116(2), MCA, requires if there is a factually erroneous sentence or judgment. Clifton now challenges several issues.

¶5    "Generally, we review a criminal sentence for legality only; that is, whether the sentence falls within the statutory parameters." *State v. Hernandez*, 2009 MT 341, ¶ 3, 353 Mont. 111, 220 P.3d 25. We generally decline to review appeals when an objection was not made in a timely manner in the district court unless the sentence is illegal or exceeds statutory mandates. *State v. Lenihan*, 184 Mont. 338, 343, 602 P.2d 997, 1000 (1979). However, we will discretionarily review claimed error under plain error review in exceptional cases which affect fundamental constitutional rights if failing to review it "may result in a manifest miscarriage of justice, leave unsettled the question of the fundamental fairness of the proceedings or compromise the integrity of the judicial process." *State v. Harris*, 1999 MT 115, ¶ 12, 294 Mont. 397, 983 P.2d 881.

¶6    As an initial matter, the District Court could have legally imposed a sentence of up to 20 years under § 45-9-103, MCA. Additionally, §§ 45-9-202 and 46-18-225, MCA, do not preclude a court from sentencing a nonviolent felony offender to prison. *See State v. Swoboda*, 276 Mont. 479, 482, 918 P.2d 296, 298 (1996). Finally, our review of the record shows this is not an exceptional case warranting plain error review and we decline to address this issue. We will therefore only address Clifton's illegality arguments.

¶7    Clifton argues that the District Court erred by not stating reasons for sentencing him to imprisonment rather than an alternative as required by § 46-18-225, MCA. However, even if the District Court's reasoning was sparse as to why it imposed imprisonment rather

3

than an alternative, Clifton did not object at the sentencing hearing nor file for reconsideration below. If a defendant fails to object or move for reconsideration at the district court, this Court will not review these issues on appeal, as they do not amount to illegality. *See, e.g.*, *State v. Nelson*, 274 Mont. 11, 906 P.2d 663, 668, 687 (1995); *State v. Novak*, 2008 MT 157, ¶ 9, 343 Mont. 292, 183 P.3d 887. Nevertheless, the transcript of the hearing demonstrates that the District Court did provide reasons for the sentence, including Clifton's lengthy criminal history. The sentence was not illegal.

¶8     Clifton argues that his statement in the presentence investigation report is sufficient to preserve this issue for appeal: "I've never been on felony probation, I think I deserve a chance on probation before I'm sent to prison." However, a request for probation instead of imprisonment—especially a conflicting request, as Clifton argued for four years imprisonment at the sentencing hearing—does not serve the same role as an objection to the sentence actually imposed. *See Nelson*, 906 P.2d at 687.

¶9     Finally, Clifton argues that he received ineffective assistance of counsel because counsel failed to bring up Clifton's probation preference at the sentencing hearing. "Ineffective assistance of counsel claims raise mixed questions of law and fact that we review de novo." *State v. Savage*, 2011 MT 23, ¶ 20, 359 Mont. 207, 248 P.3d 308. To prevail, a defendant must show that (1) counsel's performance was deficient, that is, it fell below an objective standard of reasonableness, and (2) the defendant was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Whitlow v. State*, 2008 MT 140, ¶ 10, 343 Mont. 90, 183 P.3d 861. If a defendant makes an insufficient showing as to one prong, there is no need for us to address the other. *State v.*

4

*Gunderson*, 2010 MT 166, ¶ 68, 357 Mont. 142, 237 P.3d 74. Moreover, there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance and that the challenged action is sound trial strategy. *Gunderson*, ¶ 69.

¶10 Here, we cannot say that Clifton's counsel acted unreasonably in failing to bring up Clifton's preference for probation. The record shows that Clifton could have received up to 20 years in prison for his crime; that the parties spent a significant amount of time negotiating this case; that they went back and forth and found that four years was the best marriage of all the facts and concerns with his history; that all parties (including Clifton personally) signed a plea agreement agreeing that in exchange for Clifton's plea, the parties agreed to jointly recommend that the court sentence Clifton to the Montana State Prison for a period of four years; that the state and Clifton's counsel did in fact recommend four years at the sentencing hearing; and that Clifton was given a chance to speak after his counsel asked for four years imprisonment and he did not say anything. That Clifton's counsel followed his client's signed, negotiated plea—even if Clifton would have preferred probation—cannot amount to an unreasonable action, especially given the strong presumption of reasonableness. Clifton has not met his burden of demonstrating counsel was ineffective. We have reviewed Clifton's remaining arguments and have determined they are without merit.

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

5

¶12 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ LAURIE McKINNON
/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR
/S/ JIM RICE