ORIGINAL

FILED

12/31/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 24-0724

# IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 24-0724

_____

ROBERT D. MAXIN,

    Petitioner,

v.

JAMES SALMONSEN, WARDEN,
MONTANA STATE PRISON,

    Respondent.

_____

FILED

DEC 3 1 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

**O R D E R**

Representing himself, Robert D. Maxin has filed a Petition for Writ of Habeas Corpus to which he has attached pleading alleging structural error with the charging document in his criminal case. Maxin contends that this "structural error" requires reversal because such use would dictate a civil proceeding, not criminal, "as defined by Congress and by Constitutional Law out of the Supreme Court of the United States[.]" Citing to several cases, dating to the 1700s, Maxin puts forth that he is illegally incarcerated.

On July 30, 2018, the Eighteenth Judicial District Court, Gallatin County, sentenced Maxin to the Montana State Prison for a forty-year term with ten years suspended for felony sexual assault. Through counsel, Maxin appealed. This Court dismissed his appeal after granting his counsel's motion to withdraw, pursuant to _Anders v. California_, 386 U.S. 738, 87 S. Ct. 1396 (1967) and § 46-8-103(2), MCA. _State v. Maxin_, No. DA 19-0186, Order (Mont. Aug. 4, 2020).

Earlier this year, we denied Maxin's petition for habeas corpus relief, in which he raised similar claims concerning the commencement of his prosecution. _Maxin v. Salmonsen_, No. OP 24-0200, Order (Mont. Apr. 16, 2024) (_Maxin I_). We stated in that Order:

    Maxin has not demonstrated illegal incarceration. Section 46-22-101(1), MCA. Having exhausted the remedy of appeal, he cannot now

raise claims concerning his conviction, and he is precluded procedurally from challenging it. Section 46-22-101(2), MCA. Maxin's conviction is not void. Maxin received a lawful sentence, and he is not entitled to release.

*Maxin I*, at 2-3.

Maxin is again precluded from challenging the commencement of prosecution or raising any issue of structural error in a remedy of habeas corpus relief. *See* §§ 46-22-101(1), and -101(2), MCA. A Petitioner cannot challenge his conviction through this remedy. *Lawrence v. Guyer*, 2019 MT 74, ¶ 11, 395 Mont. 222, 440 P.3d 1 (We stated that Petitioner "Lawrence's challenges to the court's authority needed to be raised prior to the plea agreement."). Maxin's constitutional challenges also are not appropriately raised in this habeas corpus proceeding. *Gates v. Missoula Cnty. Comm'rs*, 235 Mont. 261, 262, 766 P.2d 884, 884-85 (1988). Maxin's remedy would have been a direct appeal of his conviction to address any structural defect or error, which did not occur. *Lawrence*, ¶ 12.

Maxin is not entitled to habeas corpus relief. He has not demonstrated illegal incarceration with this Petition. Section 46-22-101(1), MCA.

IT IS THEREFORE ORDERED that Maxin's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

IT IS FURTHER ORDERED that this matter is CLOSED as of this Order's date.

The Clerk is directed to provide a copy of this Order to counsel of record and to Robert D. Maxin personally.

DATED this 31ˢᵗ day of December, 2024.

_____
Chief Justice

_____

2

_____

_____

_____
Justices

3