ORIGINAL

FILED

12/31/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 24-0723

# IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 24-0723

TIMOTHY HOUSE

    Petitioner,

v.

JAMES SALMONSEN, WARDEN,
Montana State Prison,

    Respondent.

FILED

DEC 3 1 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Timothy House has filed a Petition for Writ of Habeas Corpus to which he has attached a pleading alleging structural error with the charging document in his criminal case. House contends that this "structural error" requires reversal because such use would dictate a civil proceeding, not criminal, "as defined by Congress and by Constitutional Law out of the Supreme Court of the United States[.]" House cites to several cases, dating back to the 1700s. House contends that he is illegally incarcerated.

In September 2012, House entered a plea of nolo contender to sexual intercourse without consent in the Eleventh Judicial District Court, Flathead County. He later moved to withdraw the plea and to enter a plea of guilty by way of an *Alford* plea.[1] In February 2013, the District Court sentenced House to twenty years at the Montana State Prison with thirteen years suspended. This Court denied his Petition for an Out-of-Time Appeal. *State v. House*, No. DA 13-0553, Order (Mont. Sept. 11, 2013).

House is precluded from challenging the commencement of a prosecution or raising any issue of structural error as a remedy of habeas corpus relief. *See* §§ 46-22-101(1), and -101(2), MCA. A Petitioner, such as House, cannot challenge his conviction through this remedy. *Lawrence v. Guyer*, 2019 MT 74, ¶ 11, 395 Mont. 222, 440 P.3d 1 (We stated

---

[1] *N.C. v. Alford*, 400 U.S. 25, 91 S. Ct. 160 (1970).

that Petitioner "Lawrence's challenges to the court's authority needed to be raised prior to the plea agreement."). House's constitutional challenges also are not appropriately raised in this habeas corpus proceeding. *Gates v. Missoula Cnty. Comm'rs*, 235 Mont. 261, 262, 766 P.2d 884, 884-85 (1988). His remedy would have been a direct appeal of his conviction to address any structural defect or error, which did not occur.[2] *Lawrence*, ¶ 12.

House is not entitled to habeas corpus relief. He has not demonstrated illegal incarceration with his instant Petition. Section 46-22-101(1), MCA. Accordingly,

IT IS ORDERED that House's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

IT IS FURTHER ORDERED that this matter is CLOSED as of this Order's date.

The Clerk is directed to provide a copy of this Order to counsel of record and to Timothy House personally.

DATED this 31st day of December, 2024.

_____
Chief Justice

_____

_____

_____

_____
Justices

---

[2] House appealed the denial of his petition for postconviction relief, which this Court affirmed. *House v. State*, No. DA 14-0446, 2015 MT 304N, 2015 Mont. LEXIS 499 (Oct. 20, 2015).

2