ORIGINAL

FILED

01/22/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 25-0022

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 25-0022

_____

JOSEPH MICHAEL SPAULDING, JR.,

      Petitioner,

v.

JAMES SALMONSEN, WARDEN,
MONTANA STATE PRISON,

      Respondent.

ORDER

FILED

JAN 2 2 2025

Bowen Greenwood
Clerk of Supreme Court
State of Montana

_____

On his own behalf, Joseph Michael Spaulding Jr. has filed a petition for a writ of habeas corpus, alleging "structural error" with his charging document, or Information, in his criminal case.

Spaulding asserts that "structural error" requires reversal and dismissal of his case. Citing to several cases, dating back to the 1700s, Spaulding contends that use of an Information is only for misdemeanors. He states that such use would dictate a civil proceeding, not criminal, "as defined by Congress and by Constitutional Law out of the Supreme Court of the United States[.]" Spaulding contends that he is therefore illegally incarcerated.

Available electronic documents indicate that in October 2022, the State filed two counts of felony sexual abuse of children, twelve years or younger. In an Amended Information filed on August 16, 2023, the State charged Spaulding with two counts of felony sexual abuse of children. Spaulding entered into a plea agreement based on that Information. On December 14, 2023, the Yellowstone County District Court committed Spaulding to the Montana State Prison for a twenty-five-year term for one count of felony sexual abuse of children. The court awarded credit for pre-trial detention. Spaulding did not appeal.

Spaulding is precluded from challenging the commencement of prosecution or raising any issue of structural error in a remedy of habeas corpus relief. *See* §§ 46-22-101(1), and -101(2), MCA. A Petitioner, such as Spaulding, cannot challenge his conviction through this remedy. *Lawrence v. Guyer*, 2019 MT 74, ¶ 11, 395 Mont. 222, 440 P.3d 1 ("[Petitioner's] challenges to the court's authority needed to be raised prior to the plea agreement."). Spaulding's constitutional challenges are also not appropriately raised in this habeas corpus proceeding. *Gates v. Missoula Cnty. Comm'rs*, 235 Mont. 261, 262, 766 P.2d 884, 884-85 (1988). His remedy would have been a direct appeal of his conviction to address any structural defect or error. *Lawrence*, ¶ 12.

Spaulding is not entitled to habeas corpus relief. He has exhausted the remedy of appeal, and he is procedurally precluded from challenging his conviction through this Petition. Section 46-22-101(2), MCA. He has a lawful sentence, and he is not entitled to his release. Spaulding has not demonstrated illegal incarceration. Section 46-22-101(1), MCA. Accordingly,

IT IS ORDERED that Spaulding's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

IT IS FURTHER ORDERED that this matter is CLOSED as of this Order's date.

The Clerk is directed to provide a copy of this Order to counsel of record and to Joseph Michael Spaulding, Jr. personally.

DATED this ____ day of January, 2025.

_____
Chief Justice

_____

_____

2

Katherine M Bidegaray

Jim Rice

Justices

3