

IN THE SUPREME COURT OF THE STATE OF MONTANA

FILED
07/21/2020
Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 20-0250

OP 20-0250

FILED

JUL 21 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

PATRICK JOSEPH ADAMS,

Petitioner,

v.

ORDER

PETER BLUDWORTH, WARDEN,
CROSSROADS CORRECTIONAL
CENTER,

Respondent.

Representing himself, Patrick Joseph Adams has filed a verified petition for a writ of habeas corpus, alleging illegal confinement as a result of a 2019 parole revocation. In compliance with this Court's May 8, 2020 Order, the Special Assistant Attorneys General for the Department of Corrections (DOC or the Department) have filed a response that Adams's petition should be denied and dismissed.

Both Adams and the Department provide details about Adams's criminal history. Adams has recent sentences from two Montana District Courts. The Cascade County District Court sentenced Adams to a three-year prison term for felony burglary on November 26, 2018. Less than a month later, the Missoula County District Court committed Adams to the DOC for two concurrent, suspended five-year terms for felony criminal possession of dangerous drugs with intent to distribute and felony forgery. The sentence from Missoula County runs concurrently with his Cascade County sentence.

The Department further provides that Adams appeared before the Board of Pardons and Parole (Board) on June 25, 2019. The Board granted conditional parole, that is, Adams must obtain DOC approval of his parole plan and chemical dependency counseling in the community. On September 12, 2019, the DOC approved Adams's parole plan where Adams would complete successfully a 180-day Intensive Supervision Program (ISP) and

reside at the Blue Thunder Lodge, a sober living residence in Great Falls. (Emphasis added.) Adams signed his conditions of parole supervision and signed a travel permit that had explicit instructions about the mode of travel, intake at the Blue Thunder Lodge, and when Adams should report to his supervising officer. The reporting instructions stated:

> Mr. Patrick Adams will Parole from MSP on Monday September 23, 2019. He is to follow all the conditions of his release. Mr. Adams will be transported from MSP to the Butte bus depot where a pre-purchased ticket will be waiting for him[;] he is to take the first available bus to Great Falls MT. Upon arrival in Great Falls he is to immediately report to the Blue Thunder Lodge for intake[;] he is to report there no later than 5:00[]pm. On Tuesday September 24, 2019 he is to report in PERSON to Office Mike [Stimac] at the Great Falls P & P office.

Adams was fitted with a GPS monitor prior to his release and transported to the bus station in Butte. On September 24, 2020, Adams met with Officer Stimac, his supervising Probation and Parole Officer, to review his parole conditions; to complete supplemental ISP forms, and to receive an ISP offender handbook. Officer Stimac and Adams discussed the prohibition about association with other probationers, parolees, or inmates without prior approval from his parole officer. Adams mentioned his wife who was also on probation and under DOC supervision until October 3, 2019. Officer Stimac advised Adams that the "no association" condition was a parole condition that would not be changed. Officer Stimac relayed, however, that he would contact his wife's supervisory officer as well as Blue Thunder Lodge personnel in determining what contact between Adams and his wife would be permitted. Adams had a 5:00 P.M. curfew at the Lodge and other rules by which he had to abide. Adams was to seek employment and attend his treatment programming meetings as well as to reinstate his driver's license.

Adams is somewhat repetitive in his petition and includes a lengthy affidavit, reiterating his factual claims. He raises eleven issues, many of which are not cognizable under a writ of habeas corpus. Section 46-22-101(1), MCA. Adams states that he was sent to MSP on January 2, 2019, and then he was granted parole on September 23, 2019. His troubles started four days later with his arrest. He contends that his revocation of parole was illegal, violating his due process rights. He cites to *Morrissey v. Brewer*, 408 U.S.

2

471, 92 S. Ct. 2593 (1972), and lists what is required for a parole revocation. He argues that the Board was not neutral and detached nor was he allowed to call witnesses or to cross-examine. Adams claims that while he did have an onsite hearing prior to the revocation, the hearings officer found no probable cause. He also alleges that false evidence was used to conduct his illegal parole revocation. Adams requests his release from prison, investigations into the Probation and Parole Officers, and credit for dead time among other items.

The Department maintains that Adams has not demonstrated illegal restraint or incarceration to grant his writ's issue. The Department points out that on October 2, 2019, Officer Stimac submitted an Affidavit of Probable Cause detailing the alleged violations by Adams of his parole, such as program violations, agenda violations, and residence. The Department provides that Adams had not complied with the instructions set out for his release because he had not used the purchased bus ticket but instead had his wife pick him up and transport him to Great Falls where they spent the night together. The Department states that Adams had violated these reporting instructions within the first twenty-four hours of his release, and that within four days of his release, Officer Stimac determined from the GPS monitor's data that Adams was at a local motel. On September 27, 2019, the Department explains that Probation and Parole Officers found Adams driving a van with his wife in the passenger seat. The Department adds that upon a search, drugs, drug paraphernalia, and ammunition were found. The Department points to the conversation between Officer Stimac and the Blue Thunder Lodge's personnel who would be terminating his residence in the program because Adams was non-compliant with its rules.

The Department addresses Adams's allegations about due process violations with the subsequent onsite hearing at the Cascade County Detention Center and the Board's revocation of his parole. The Department notes that any other alleged constitutional violations by Adams are not cognizable under a writ of habeas corpus. *Gates v. Missoula County Comm'rs*, 235 Mont. 261, 262, 766 P.2d 884, 884-85 (1988). The Department counters that Adams received all the process he was due at the onsite hearing because he received a hearing notice containing the alleged parole violations. *Morrissey*, 408 U.S. at

3

486-87, 92 S. Ct. at 2603. *See also* §§ 46-23-1001 through 46-23-1032, MCA (Montana statutes codifying the process for both probation and parole supervision and revocation). The Department points out that Adams acknowledged receipt of this notice. Section 46-23-1024(2), MCA; Admin. R. Mont. 20.25.801 (2016). The Department states that Adams appeared at this hearing and spoke on his own behalf. The Department notes that Adams had a fair hearing by an independent officer, pursuant to § 46-23-1024(2), MCA. The Department clarifies that "[t]he hearing[s] officer's conclusion that Officer Stimac was more credible than Adams is not a due process violation." Contrary to Adams's claim, probable cause existed to proceed with revocation as the Department details. The Department provides the hearings officer's summary disposition:

> Adams plead[ed] guilty to a majority of the violations and was found guilty of the remaining violations. It was determined by the Hearings Officer Adams had violated the terms and conditions of his Parole and it is requested he be returned to the [Board] for a formal hearing.

Turning to Adams's remaining allegation that the Board's parole revocation hearing violated due process and the Double Jeopardy Clause of the United States Constitution's Fifth Amendment, the Department points out that the revocation of parole is not a part of the criminal prosecution. *Morrissey*, 408 U.S. at 480, 92 S. Ct. at 2599-600. More importantly, the Department puts forth that the revocation hearing is distinct because all facts are considered to reach the final decision to revoke parole. *Morrissey*, 408 U.S. at 487-88, 92 S. Ct. at 2603-04. Again, contrary to Adams's allegations, the Department states that the revocation hearing is required due process, pursuant to § 46-23-1025, MCA, and Admin. R. M. 20.25.801(12) (2016). The Department points out that Adams received written notice of his rights, the hearing, the claimed violations, and the supporting evidence two weeks before his hearing. The Department provides a transcript of the hearing, noting that Adams waived his right to an attorney; that he stated that he understood the charges, and that no witnesses were present to cross-examine. The Department offers a copy of the Board's case disposition where the Board denied his parole, scheduling Adams for reappearance in November 2020, and noted "multiple parole violations immediately upon release . . . ." The Department concludes that Adams has not demonstrated either that he

4

is unlawfully imprisoned or that his procedural due process rights were violated during the revocation of his parole in 2019.

We agree with the Department. Based upon the foregoing, Adams's petition for a writ of habeas corpus should not issue because he has not demonstrated illegal restraint as a result of the 2019 parole revocation. Section 46-22-101(1), MCA. Adams is not entitled to habeas corpus relief, other requested relief, or his immediate release from prison.

Since the time of ordering a response, we observe that Adams has filed three documents—a Motion to Supplement Habeas Corpus Writ; a pleading, titled "Evidence;" and Motion to be Well-Taken, Motion for Summary Judgment and Denial of Out of Time Filings—in this case. We decline to consider these pleadings because they do not comport with the Montana Rules of Appellate Procedure. M. R. App. P. 14(5) and 14(7). Therefore,

IT IS ORDERED that Adams's Motion to Supplement Habeas Corpus Writ; "Evidence;" and Motion for Summary Judgment and Denial of Out of Time Filings are all DENIED.

IT IS FURTHER ORDERED that Adams's Petition for a Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk of the Supreme Court is directed to provide a copy of this Order to counsel of record and to Patrick Adams personally.

DATED this 21st day of July, 2020.

_____
Chief Justice

_____
_____
_____
_____
Justices

5