FILED

02/01/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0022

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 22-0022

---

BOBBY FRANCIS LOWRY,

Petitioner,

v.                                                                    O R D E R

CAPTAIN BRADLEY BRAGG, Lewis
& Clark County Detention Center,

Respondent.

---

Bobby Francis Lowry petitions this Court for habeas corpus relief, claiming illegal incarceration, because he did not have a hearing for his "'in-house' 'write-up' for illegally passing medication through a set of stairs . . ." while being held at the Lewis and Clark County Detention Center. As a result of this write-up, Lowry claims that he lost his own previously approved medication. He contends that he should have "access to a due process hearing before a more capable forum." Citing to the clause of the U.S. Constitution's Eighth Amendment that prohibits cruel and unusual punishment, Lowry further contends that the loss of his medication is cruel and unusual.

The remedy of habeas corpus is not the vehicle for complaints regarding conditions of confinement in a detention center. *See Gates v. Missoula Cnty. Comm'rs*, 235 Mont. 261, 262, 766 P.2d 884, 884-85 (1988). We have concluded before that the habeas corpus "statute allows a prisoner to challenge the legal sufficiency of the *cause* for incarceration." *Gates,* 235 Mont. at 262, 766 P.2d at 884-85 (emphasis in original). Lowry has not alleged that the cause of his incarceration is unlawful. Habeas corpus is not an appropriate remedy.

"The government custodian responsible for the custody and care of incarcerated persons has a constitutional duty to provide for the 'general well being' and 'basic human needs' of incarcerated persons, including but not necessarily limited to food, clothing,

shelter, medical care, mental health care, and reasonable safety." *Disability Rights Mont. v. Mont. Judicial Dists. 1-22*, No. OP 20-0189, 2020 Mont. LEXIS 2061 (Apr. 14, 2020) (citation omitted). A properly established claim may be cognizable in an appropriate civil action. *See Helling v. McKinney*, 509 U.S. 25, 31, 113 S. Ct. 2475, 2480 (1993) (noting that "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."). But "[p]rison officials are accorded wide ranging deference in implementing policies to preserve order and discipline among inmates." *Quigg v. Slaughter*, 2007 MT 76, ¶ 19, 336 Mont. 474, 154 P.3d 1217 (citing *Jellison v. Mahoney*, 1999 MT 217, ¶ 12, 295 Mont. 540, 986 P.2d 1089, and explaining requirements for establishing an Eighth Amendment violation). Lowry's allegations are not ground for habeas relief.

Lowry provides no legal basis for relief here. This Court cannot mandate particular jailhouse safety measures or a different grievance procedure for their internal operations. Lowry should attempt to resolve his claims directly with the jail or with the assistance of counsel. If unable to do so, he may address any claims for which he has a factual and legal basis only through a proper civil proceeding.

IT IS THEREFORE ORDERED that Lowry's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

DATED this ǁ^st day of February, 2022.

_____
Chief Justice

_____

_____

_____

2

_____
Justices