FILED

03/22/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0115

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 22-0115

JOSEPH DENNY NEZ PERCE V,

Petitioner,

v.

JAMES SALMONSEN, Warden,
Montana State Prison,

Respondent.

MAR 2 2 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Joseph Denny Nez Perce V has filed a Petition for Writ of Habeas Corpus, claiming illegal incarceration. He explains that he received a rule infraction, "#4201 Fighting with another person," because he was attempting to "deter further violence when two inmates became hostile with the intent to assault [him] . . . ." Nez Perce contends that his constitutional and statutory rights have been violated because he cannot protect himself, and when he does, he receives a rule infraction that affects the future granting of parole. He states that if he does not fight back, he is "subject to ridicule and personal insult by staff and inmates for not standing up for [himself][.]" Nez Perce requests that the rule infraction be removed from his prison record and argues for his immediate release.

Nez Perce brings his claims through the wrong remedy to this Court. He references constitutional right violations and preservation of his civil rights for which habeas corpus is not the appropriate remedy. *Gates v. Missoula Cty. Comm'rs*, 235 Mont. 261, 262, 766 P.2d 884, 884-85 (1988). The statute for habeas corpus relief "allows a prisoner to challenge the legal sufficiency of the cause for incarceration." *Gates*, 235 Mont at 262, 766 P.2d at 884-85. Nez Perce has not alleged that the cause of his incarceration is unlawful.

Nez Perce's claims of alleged constitutional and statutory rights violations are without merit. Nez Perce does not have a liberty interest in parole. "As a general rule, inmates have no liberty interest in parole." *McDermott v. McDonald*, 2001 MT 89, ¶ 8, 305 Mont. 166, 24 P.3d 200. Nez Perce was convicted of his offenses after 1989 when Montana Legislature removed the mandatory language about a federally protected liberty interest in parole. *McDermott*, ¶ 8.

Nez Perce's due process rights have not been violated. We have stated before that due process is a flexible concept. "[T]he process due an individual varies according to the factual circumstances and the nature of the right at stake." *Jellison v. Mahoney*, 1999 MT 217, ¶ 8, 295 Mont. 540, 986 P.2d 1089 (citing *Sage v. Gamble*, 279 Mont. 459, 464-65, 929 P.2d 822, 825 (1996)). Nez Perce included copies of the Disciplinary Infraction Report and Notice of Hearing, as well as the Decision and his Appeal. He also includes copies of the reasons for his re-classification and denial of his Appeal. We have noted previously that "when considering the due process rights of inmates, it is exceedingly important to remember that prison disciplinary actions "[take] place in a closed, tightly controlled environment peopled by those who have chosen to violate the criminal law and who have been lawfully incarcerated for doing so." *Jellison*, ¶ 8 (quoting *Wolff v. McDonnell*, 418 U.S. 539, 561, 94 S. Ct. 2963, 2977 (1974)). The employees of the Montana State Prison gave Nez Perce notice of the rule infraction and its consequences while also allowing him to challenge their decision.

Nez Perce has not demonstrated illegal incarceration. Section 46-22-101(1), MCA. He is not entitled to removal of the rule infraction via this remedy, and he is not entitled to release. Nez Perce may have other remedies in a District court concerning any civil rights violations. Therefore,

IT IS ORDERED that Nez Perce's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk is directed to provide a copy of this Order to counsel of record and Joseph Denny Nez Perce V personally.

DATED this ___22nd___ day of March, 2022.

_____
Chief Justice

_____

_____

_____

_____
Justices

3