

FILED

05/31/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0255

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 22-0255

FILED

MAY 3 1 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

JASON CHIEFSTICK,

Petitioner,

v.                                                    O R D E R

PETE BLUDWORTH, Warden,

Respondent.

---

Representing himself, Jason Jay Chiefstick has filed a verified Petition for Writ of Habeas Corpus, alleging that the Board of Pardons and Parole (Board) revoked his parole without an initial, onsite hearing and that his Parole Officer did not apply the Montana Incentives and Interventions Guide to him, thereby violating his due process rights. He includes various attachments, such as copies of the Board's Notice of Rights/Waiver of Appearance at Revocation Hearing and the Board's most recent Case Dispositions.

This Court is familiar with Chiefstick's history. *See Chiefstick v. Frink and Board*, *et al.*, No. OP 14-0369, Order denying habeas corpus relief (Mont. Jun. 24, 2014) (*Chiefstick I*) and *Chiefstick v. Capt. Kaululaau*, No. OP 19-0165, Order denying habeas corpus relief (Mont. Jun. 17, 2019) (*Chiefstick II*).

In his Petition, Chiefstick requests a new in-person hearing before the Board. He states that this Court should preclude the Board "from using immutable factors that run contrary to [§] 46-18-101, MCA[,] spirit and content." Chiefstick explains the two problems with the Board's recent decision: "(1) his as 'seriousness [of] offense' which can never be rehabilitated, contrary to [§] 46-18-101, MCA, and Article II Sec. 17 of the Montana State CONSTITUTION." (Emphasis in original.) Chiefstick states that he had no on-site hearing contrary to his attachment "or implement[ation of] this mandatory policy

[MIIG] with respect to [his] set of circumstances." Chiefstick compares his situation to other inmates where the MIIG was applied. Chiefstick requests monetary damages, parole, and his immediate release.

We have reviewed Chiefstick's attachments. On March 12, 2021, Chiefstick signed the Notice of Rights/Waiver of Appearance at Revocation Hearing. Chiefstick includes a copy of the Chippewa Cree Tribal Court Order to Release and Commute Sentence, issued on January 21, 2021. The court stated that Chiefstick served twenty-five days in jail after being sentenced on December 28, 2020. The Board's Case Disposition of March 16, 2021 notes that was convicted of a new DUI.

When a parolee commits a new offense, the parolee is not entitled to an initial hearing within five days of arrest. Chiefstick was not entitled to an initial, on-site hearing before the Board revoked his parole. Section 46-23-1024(1)(b), MCA. Section 46-23-1024(1)(b), MCA, provides that "[a]fter the arrest of the parolee, an initial hearing must be held unless . . .the parolee has been charged in any court with a violation of the law[.]" Chiefstick was charged in December 2020 with a violation of the law in the Chippewa Cree Tribal Court.

Chiefstick is not entitled to the MIIG's application to his set of circumstances. "'Compliance violation' means a violation of the conditions of supervision that is not[,]" for Chiefstick's circumstances, "a new criminal offense[.]" Section 46-23-1001(3)(a), MCA. The type of offense charged, whether a misdemeanor or felony, does not matter. Chiefstick had a non-compliance violation with a new criminal offense. His Parole Officer is required by statute to report this violation to the Board. Section 46-23-1025(1), MCA.

Chiefstick has not shown that the Board violated his due process rights. "There is no absolute standard for what constitutes due process." *McDermott v. McDonald*, 2001 MT 89, ¶ 10, 305 Mont. 166, 24 P.3d 200. "[T]he United States Supreme Court has held that due process is satisfied when the prisoner seeking parole is, at a minimum, provided with an opportunity to be heard and a written statement explaining why he was denied parole." *McDermott*, ¶ 11 (citing *Greenholtz v. Inmates of the Nebr. Penal Complex*, 442

2

U.S. 1, 16, 99 S. Ct. 2100, 2108 (1979); *Sage v. Gamble*, 279 Mont. 459, 465, 929 P.2d 822, 825 (1996)). This Court has articulated that in a parole hearing, while the due process protections are less stringent than a criminal proceeding in a court of law, the protections do exist and are defined by two main elements: an appearance, or opportunity to be heard, and written notice of the Board's decision." *McDermott*, ¶ 11.

Chiefstick provides copies of the 2021 and 2022 case dispositions entered by the Board. On March 16, 2021, Chiefstick appeared for his final hearing before the Board, and the Board revoked Chiefstick's parole because of his 2020 offense and other violations. The Board cited violations of laws and conduct, alcohol use, being in bars, and driving, when restricted not to do so. The Board conducted an annual review in March 2022 and provided that Chiefstick should pass to discharge. The Board noted that Chiefstick is "not currently able and willing to fulfill the obligations of a law-abiding citizen." The Board remarked that "Parole at this time would diminish seriousness of the offense; Poor history on supervision; Previous criminal history." Chiefstick appeared before the Board and received written dispositions from the Board. *McDermott*, ¶ 11. Chiefstick received all the process he was due.

Chiefstick has challenged the Board's denials of his parole previously with this Court. *See Chiefstick I and II.* We remind Chiefstick about his lengthy criminal history, as the Department of Corrections explained previously in 2019 and that we have noted:

> The Department points out, contrary to Chiefstick's assertions, that he is a violent offender, and therefore, Montana PFO [Persistent Felony Offender] statutes apply to him even with the 2017 legislative changes. Sections 46-18-502(1); 46-1-202(18), and 46-23-502(13), MCA. The Department adds that his convictions from his criminal history, including those convictions in tribal court, total twenty-two DUIs.

*Chiefstick II,* at 3. The Department then addressed Chiefstick's claims concerning disparate treatment as a Native American and different treatment as compared to other

offenders.[1] We concluded, based on the Department's then-arguments, that the other inmates were not similarly situated to Chiefstick because Chiefstick had a higher number of DUIs; a history of violent offenses; a different level of categorized risk for recidivism, and a criminal endangerment conviction. *See Chiefstick II*, at 4. This rationale applies here. Moreover, the remedy of habeas corpus is not appropriate for any constitutional challenges. *See Gates v. Missoula Cnty. Comm'rs*, 235 Mont. 261, 262, 766 P.2d 884, 884-85 (1988).

Chiefstick is not entitled to any of his requests. He is not entitled to another in-person appearance before the Board, nor is he entitled to parole or monetary damages. His arguments, as explained above, are without merit. We conclude that Chiefstick's due process rights have not been violated. "Parole . . . is a discretionary grant of freedom from incarceration." *McDermott*, ¶ 24. Chiefstick violated his parole condition concerning laws and conduct, thereby jeopardizing his "grant of freedom" by the Board. He has not demonstrated illegal incarceration. Section 46-22-101(1), MCA. Accordingly,

IT IS ORDERED that Chiefstick's Petition for a Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk is directed to provide a copy of this Order to counsel of record and to Jason Jay Chiefstick personally.

DATED this 31st day of May, 2022.

_____
Chief Justice

_____

---

[1] Chiefstick again compares his situation to other inmates who were charged with misdemeanor offenses. *See Griebel v. Gootkin et al.*, No. OP 21-0064, Order denying habeas corpus relief (Mont. Feb. 23, 2021). As pointed out above, any comparison is not appropriate in this remedy for habeas corpus relief.

_____

_____

_____
Justices