

ORIGINAL

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 22-0457

FILED
09/06/2022
Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA
Case Number: OP 22-0457

JARED DeCACCIA,

    Petitioner,

v.

CAPTAIN BRADLEY BRAGG, LEWIS
& CLARK COUNTY DETENTION CENTER,

    Respondent.

FILED
SEP 06 2022
Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Self-represented Petitioner Jared DeCaccia seeks a writ of mandamus from this Court. DeCaccia claims that he developed multiple infections while being held in the Lewis and Clark County Detention Center (LCCDC). He states that "[t]his facility ignored my pleas to have medical treatment for 2 weeks." He further states that his initial infection led to a second infection, and that his foot was oozing fluid, making it difficult to walk. He further contends that the LCCDC withheld his antibiotic medication, after he received treatment, and that he had to pay for the medication. DeCaccia alleges that his constitutional rights have been violated.

A writ of mandate is specific and statutorily driven. Sections 27-26-101 through 27-26-403, MCA. To state a claim for mandate, a party must show entitlement to the performance of a clear legal duty by the party against whom the writ is directed and the absence of a plain, speedy, and adequate remedy at law. Section 27-26-102, MCA; *Smith v. Missoula Co.,* 1999 MT 330, ¶ 28, 297 Mont. 368, 992 P.2d 834.

Upon review, DeCaccia has not demonstrated the requirements for a writ of mandate. To the extent the petition alleges inadequate medical care, a writ of mandate is not the appropriate civil remedy. *See Gates v. Missoula Cty. Comm'rs,* 235 Mont. 261,

262, 766 P.2d 884, 885 (1988) (holding that habeas corpus is not the correct remedy for constitutional claims, including lack of "adequate food, shelter, clothing, medical care, exercise, individual security, and a law library" and that "disputed factual issues should be directed to an appropriate district court, since it is not the role of this Court to function as primary fact-finder."). DeCaccia's claims require factual development and determination, not suitable in an original writ proceeding before this Court. Because conditions of confinement may be challenged in an ordinary civil rights action, DeCaccia has a plain and adequate remedy of filing a complaint in a state or federal district court.

IT IS THEREFORE ORDERED that DeCaccia's Petition for Writ of Mandate is DENIED and DISMISSED.

The Clerk of the Supreme Court is directed to provide a copy to counsel of record; to Captain Bradley Bragg, LCCDC; and to Jared DeCaccia personally.

DATED this ___ day of September, 2022.

_____
Chief Justice

_____

_____

_____

_____
Justices

2