

FILED

09/06/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0466

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 22-0466

BOBBY FRANCIS LOWRY, V,

Petitioner,

v.

FIRST JUDICIAL DISTRICT COURT, LEWIS
AND CLARK COUNTY, the HONORABLE
MICHAEL F. MCMAHON, and CAPTAIN
BRADLEY BRAGG, LEWIS & CLARK
COUNTY DETENTION CENTER,

Respondents.

O R D E R

FILED

SEP 0 6 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Self-represented Petitioner Bobby Francis Lowry has filed a petition for a writ of mandate with this Court, after seeking similar relief in the Lewis and Clark County District Court, "where his trials were taking place." We amend the caption to include the First Judicial District Court and the presiding Judge. *See* § 27-26-102(1), MCA.

Lowry explains that several months ago, he accidentally broke his hearing aid— needed for his severe hearing impairment. Lowry states that he has not received a replacement, even after requesting one. Lowry points to §§ 49-4-501, and 49-4-508, MCA, the statutes for interpreters in judicial proceedings for deaf persons. He claims he also has suffered ear infections and argues that he "must receive medical care for his disability and reasonable accommodation . . . ."

A writ of mandate, or mandamus, is specific and statutorily driven. Sections 27-26-101 through 27-26-403, MCA. To state a claim for mandamus, a party must show entitlement to the performance of a clear legal duty by the party against whom the writ is directed and the absence of a plain, speedy, and adequate remedy at law. Section 27-26-102, MCA; *Smith v. Missoula Co.,* 1999 MT 330, ¶ 28, 297 Mont. 368, 992 P.2d 834.

Upon review, we conclude that Lowry has not met the requirements to obtain a writ of mandate, as he has not demonstrated a clear legal duty for which he has no other remedy "in the ordinary course of law." Section 27-26-102(2), MCA; *Smith*, ¶ 28. Lowry is correct that the law requires courts to appoint an interpreter to assist a deaf person who is a party to judicial proceedings. Section 49-4-503, MCA. As defined by statute, a "deaf person" is "a person whose hearing is totally impaired or is so seriously impaired as to prohibit the person from understanding oral communications" or communicating spoken language. Section 49-4-502(2), MCA. Lowry is entitled to an interpreter only if he meets that statutory definition—a factual determination for the trial court. It is not clear from the materials Lowry has submitted that the District Court has considered or made findings whether Lowry qualifies for a court-appointed interpreter. Lowry presumably has counsel in his criminal case to advocate for his rights, and he retains the right to appeal from any adverse judgment.

Finally, to the extent the petition alleges inadequate medical care, a writ of mandate is not the appropriate civil remedy. *See Gates v. Missoula Cty. Comm'rs*, 235 Mont. 261, 262-63, 766 P.2d 884, 885 (1988) (holding that habeas corpus is not the correct remedy for constitutional claims, including lack of "adequate food, shelter, clothing, medical care, exercise, individual security, and a law library" and that "disputed factual issues should be directed to an appropriate district court, since it is not the role of this Court to function as primary fact-finder."). Again, Lowry's claims require factual development and determination, not suitable in an original writ proceeding before this Court. Because conditions of confinement may be challenged in an ordinary civil rights action, Lowry has a plain and adequate remedy of filing a complaint in a state or federal district court.

IT IS THEREFORE ORDERED that Lowry's Petition for Writ of Mandate is DENIED and DISMISSED.

The Clerk of the Supreme Court is directed to provide a copy to: the Hon. Michael F. McMahon, District Court Judge; Angie Sparks, Clerk of District Court, Lewis and Clark County, under Cause Nos. DC-2021-178, DC-2021-398, and DC-2021-537; Captain Bradley Bragg, LCCDC; counsel of record; Leo Gallagher, Lewis and Clark County

2

Attorney; Katie Jerstad, Deputy County Attorney; Office of the Public Defender, Lewis and Clark County; and Bobby Francis Lowry V personally.

DATED this ⟋⟍ day of September, 2022.

_____

_____

_____

_____

_____
Justices

3