ORIGINAL

FILED

09/06/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0449

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## OP 22-0449

BRIAN N. ARVIDSON,

    Petitioner,

v.

CAPTAIN BRAGG,
Lewis and Clark County Detention Center,

    Respondent.

FILED

SEP 0 6 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Self-represented Petitioner Bryan N. Arvidson has filed a Petition for Writ of Habeas Corpus, indicating illegal incarceration because on two separate occasions in July, one of the jail officers refused to give him his medication and put Arvidson in lockdown for about twelve hours.

Arvidson asserts violations of his constitutional rights, such as individual dignity and due process. He contends that the experiences while being held in detention, have exacerbated his prior childhood trauma. Arvidson requests that the Lewis and Clark County Detention Center (LCCDC) should have a "due process mechanism" to allow inmates some recourse prior to the removal of medication and being place in lockdown for disciplinary reasons.

This Court has pointed out previously that "when considering the due process rights of inmates, it is exceedingly important to remember that prison disciplinary actions 'take[] place in a closed, tightly controlled environment peopled by those who have chosen to violate the criminal law and who have been lawfully incarcerated for doing so.'" *Jellison v. Mahoney*, 1999 MT 217, ¶ 8, 295 Mont. 540, 986 P.2d 1089. Recently, we stated that "[t]he government custodian responsible for the custody and care of incarcerated persons has a constitutional duty to provide for the 'general well being' and 'basic human needs'

of incarcerated persons[.]" *Disability Rights Mont. v. Mont. Judicial Dists. 1-22*, No. OP 20-0189, 2020 Mont. LEXIS 2061 (Apr. 14, 2020) (citation omitted). Jail and prison administrators must balance the safety of jail personnel along with the inmates' safety while managing improper conduct.

The remedy of habeas corpus is not the vehicle for constitutional complaints or conditions of confinement in a detention center. *See Gates v. Missoula Cnty. Comm'rs*, 235 Mont. 261, 262, 766 P.2d 884, 884-85 (1988). We have concluded before that the habeas corpus "statute allows a prisoner to challenge the legal sufficiency of the *cause* for incarceration." *Gates,* 235 Mont. at 262, 766 P.2d at 884-85 (emphasis in original). While Arvidson has alleged that the cause of his incarceration is unlawful, his claims do not go to the cause of his incarceration. His claims are not remedied by a writ of habeas corpus. Therefore,

IT IS ORDERED that Arvidson's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk is directed to provide a copy of this Order to: the Honorable Kathy Seeley, First Judicial District Court, Lewis and Clark County; Angie Sparks, Clerk of District Court, Lewis and Clark County, under Cause No. DC-2021-475; Captain Bradley Bragg, LCCDC; Leo Gallagher, Lewis and Clark County Attorney; Suzanne R. Seburn, Defense Counsel; counsel of record, and Bryan Arvidson personally.

DATED this ____ day of September, 2022.

_____
Chief Justice

_____

_____

2

_____

_____
Justices