FILED

02/07/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 23-0050

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 23-0050

FILED

FEB 07 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

JERRY JOE HENDERSON,

Petitioner,

v.

JIM SALMONSEN, Warden,
Montana State Prison,

Respondent.

O R D E R

Appearing as a self-represented litigant, Jerry Joe Henderson petitions this Court for habeas corpus relief, arguing that since he has served five years of incarceration at the Montana State Prison and other facilities, he is eligible to be released upon parole, pursuant to *Board of Pardons v. Allen*, 482 U.S. 369, 107 S. Ct. 2415 (1987). The Office of the Clerk of Supreme Court amended the caption to reflect "where and by whom the petitioner is confined or restrained." Section 46-22-201(1)(c), MCA.

We will provide the pertinent background. On February 24, 2016, the Gallatin County District Court sentenced Henderson for felony sexual assault to the Montana State Prison for a thirty-year term with fifteen years suspended. In 2017, this Court granted his petition for an out-of-time appeal and appointed counsel. On January 22, 2019, based on Henderson's arguments and the State's concession, this Court remanded Henderson's case for his conviction and sentence because the District Court erred in accepting a no contest plea to a sexual offense. *State v. Henderson*, No. DA 17-0593, Order (Mont. Jan. 22, 2019).

Henderson puts forth that he has a vested liberty interest. He contends that "[s]uch deprivation of a protected liberty interest is a violation of [his] civil rights as is guaranteed to him under the Fourteenth Amendment to the United States Constitution." He raises three issues that we summarize. Henderson states that he has been denied: (1) Due Process

of Law as well as the benefit of retroactive application of the law; and (2) Equal Protection and application of the law. He further contends that he has been exposed to cruel and unusual punishment under the U.S. Constitution's Eighth Amendment. Henderson requests an investigation and an evidentiary hearing.

As an appellate court of review, this Court does not conduct investigations or hold fact-finding, evidentiary hearings. This Court reviews sentences for legality. *See Killam v. Salmonsen*, 2021 MT 196, ¶ 17, 405 Mont. 143, 492 P.3d 512 (Section 46-18-201, MCA, details the types of sentences and "applies when a court is imposing an incarceration sentence on a defendant for an offense for which the defendant has been found guilty upon a verdict of guilty, a plea of guilty, or a nolo contender plea."). Under Montana law, Henderson was facing a possible sentence of life imprisonment, pursuant to § 45-5-502(3), MCA (2011). Henderson is not entitled to release after serving five years.

Henderson does not have a vested liberty interest in parole. He has not been denied any benefit of law because the law has changed. The high court issued the *Allen* decision in 1987, and the Montana Legislature changed the applicable statute. "In response to *Allen*, the Montana legislature amended § 46-23-201, MCA, to state that 'the Board *may* release' inmates on parole when there is a reasonable probability that the prisoner can be released without detriment. Section 46-23-201, MCA (1989)." *Worden v. Mont. Bd. of Pardons & Parole*, 1998 MT 168, ¶ 42, 289 Mont. 459, 962 P.2d 1157. This Court determined that "this amendment extinguished any federally-protected liberty interest in parole for all Montana Inmates." *Worden*, ¶ 42. Henderson committed his offenses well after 1989.

"Under both Montana and federal precedent, parole is a privilege and not a right." *McDermott v. McDonald*, 2001 MT 89, ¶ 19, 305 Mont. 166, 24 P.3d 200. While Henderson may be eligible for parole, that eligibility does not entitle him to immediate release. We have stated that "[p]arole . . . is a discretionary grant of freedom from incarceration." *McDermott*, ¶ 24. The Board of Pardons and Parole has broad authority and discretion to decide an inmate's parole. *McDermott*, ¶ 25.

Henderson's arguments lack merit. Henderson cannot demonstrate constitutional violations in this remedy of habeas corpus. More than thirty years ago, this Court stated that alleged violations of constitutional rights cannot be addressed in a writ of habeas corpus because the claims do not "challenge the legal sufficiency of the *cause* for incarceration." *Gates v. Missoula County Comm'rs.*, 235 Mont. 261, 262, 766 P.2d 884, 884-85 (1988). (Emphasis in original.)

Henderson has not demonstrated an illegal sentence. Section 46-22-101(1), MCA. He is not entitled to his release or habeas corpus relief. Accordingly,

IT IS ORDERED that Henderson's Petition for Writ of Habeas Corpus is DENIED.

IT IS FURTHER ORDERED that this matter is CLOSED as of this Order's date.

The Clerk is directed to provide a copy of this Order to counsel of record and to Jerry Joe Henderson personally.

DATED this 7th day of February, 2023.

_____
Chief Justice

_____

_____

_____

_____
Justices

3