

FILED

10/31/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 23-0623

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 23-0623

CHARLES JOSEPH CAPLETTE,

    Petitioner,

v.

CAPT. RAY VAUGHN, Warden,
Butte-Silver Bow County Detention Center,

    Respondent.

ORDER

FILED

OCT 3 1 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

By way of a petition for writ of habeas corpus, Charles Joseph Caplette petitions this Court for appointment of an attorney or to have his underlying case dismissed. He includes a copy of a criminal complaint alleging two felony counts of partner or family member assault (PFMA), filed in the Justice Court for the City and County of Butte-Silver Bow, Montana. Caplette contends the paperwork, counsel, and evidence will prove his innocence.

We secured copies of the register of actions and pertinent documents from the Butte-Silver Bow County District Court. On September 19, 2023, the District Court granted the State leave to file an Information charging Caplette with the two felony counts of PFMA and setting bond, subject to conditions, at $20,000. The District Court held an arraignment two days later, and Caplette appeared with counsel. Caplette entered his not guilty pleas and was remanded to the Sheriff's custody.

In his instant Petition, Caplette seeks to have discovery, production of copies of videos, and appointment of another attorney. This Court cannot grant his requests. Montana's statute for habeas corpus relief provides that a court may inquire into the cause of restraint or incarceration to determine its illegality. Section 46-22-101(1), MCA. Caplette has not demonstrated that he is illegally incarcerated. Section 46-22-101(1), MCA. The cause of his incarceration is due to his pending criminal case in the District

Court. His other claims are not remedied by a writ of habeas corpus. *See Gates v. Missoula County Comm'rs*, 235 Mont. 261, 262, 766 P.2d 884, 884-85 (1988) (the habeas corpus "statute allows a prisoner to challenge the legal sufficiency of the *cause* for incarceration."). (Emphasis in original.)

Caplette should refrain from filing pleadings in this Court when he has legal representation from counsel in his underlying proceeding. M. R. App. P. 10(1)(c). He is not entitled to appointment of counsel upon his petition filed in this Court. *See* § 46-8-101, MCA. At this juncture, Caplette is not entitled to dismissal. Accordingly,

IT IS ORDERED that Caplette's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk is directed to provide a copy of this Order to: the Honorable Kirk Krueger, District Court Judge; Beth Parks, Clerk of District Court, under Cause No. DC-23-251; Ann M. Shea, Deputy County Attorney; Eleanor Maloney, Defense Counsel; Cpt. Vaughn, Detention Center; counsel of record, and Charles Joseph Caplette personally.

DATED this 31st day of October, 2023.

_____
Chief Justice

_____

_____

_____
Justices

2