

FILED

01/09/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 23-0736

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 23-0736

RANDAL VEACH,

Petitioner,

v.

BOB THATCHER,

Respondent.

ORDER

FILED

JAN 0 9 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Randal Veach petitions this Court for a writ of habeas corpus, alleging that his incarceration is illegal and that his sentence violates the right to be free from double jeopardy. He also indicates that the Board of Pardons and Parole (Board) violated his due process rights because he should have been granted parole.

Upon review, the crux of Veach's complaint concerns the handling of a disciplinary violation by the Department of Corrections (DOC); it has nothing to do with the Board. Veach explains that he "appealed the Hearing Results" and that the responding Billings Probation and Parole Deputy Chief "stated that the hearing policy and procedures were not followed according to [DOC] policy 6.2.624 . . . ." Veach states that his disciplinary hearing was not held within five days of the violation as stated in this policy. He contends that his right to due process has been violated. Veach requests conditional release to Sober Living House and the reinstatement of his community placement.

"There is no absolute standard for what constitutes due process." *McDermott v. McDonald*, 2001 MT 89, ¶ 10, 305 Mont. 166, 24 P.3d 200. Here, Veach includes a copy of the DOC's response to his appeal. The Deputy Chief provided that while she found that the disciplinary hearing had not occurred within five days in noncompliance with the policy, she did find substantial evidence to support the charges. She also wrote to Veach:

Your due process rights were afforded to you, in which you were given notice of the violations, you were able to and did speak on your own behalf and you waived the right to request witnesses.

The Deputy Chief responded that Veach incurred a previous Class II violation and that removal from Alpha House Pre-Release Center and placement at S.T.A.R.T. were warranted "due to not following simple rules." Veach has not demonstrated how he was prejudice by a hearing held some two weeks later instead of five days after the violation. He has not demonstrated a violation of his due process rights.

A writ of habeas corpus is not the remedy for alleged constitutional violations. *Gates v. Missoula County Comm'rs*, 235 Mont. 261, 262, 766 P.2d 884, 884-85 (1988). The statute for habeas corpus relief "allows a prisoner to challenge the legal sufficiency of the cause for incarceration." *Gates*, 235 Mont. at 262, 766 P.2d at 884. (Emphasis in original). Veach cannot demonstrate a violation of his right to be free from double jeopardy via this remedy, and this Court cannot consider his claim. Veach is not entitled to habeas corpus relief. Section 46-22-101(1), MCA. Accordingly,

IT IS ORDERED that Veach's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

IT IS FURTHER ORDERED that this matter is CLOSED as of this Order's date.

The Clerk is directed to provide a copy of this Order to counsel of record and to Randal Veach personally.

DATED this 9ᵗʰ day of January, 2024.

_____
Chief Justice

_____

_____

_____

_____
Justices