ORIGINAL

FILED

01/16/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 23-0749

## IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 23-0749

JOHNNY LEE KNUDSEN,

Petitioner,

v.

BOB OLSON, ADMINISTRATOR,
S.T.A.R.T.,

Respondent.

**FILED**

JAN 1 6 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

This matter comes before this Court on a motion for appointment of counsel and a petition for a writ of habeas corpus, filed by self-represented Petitioner Johnny Lee Knudsen. Knudsen contends that his incarceration is illegal because the revocation of his conditional release violated his constitutional rights. Knudsen includes attachments—an October 3, 2023 arrest warrant, statement of charges/notice of disciplinary hearing, and an October 30, 2023 written response to his appeal.

Knudsen asserts that the Department of Corrections (DOC) "lacked probable cause to issue an arrest warrant for Knudsen[']s arrest." Knudsen lists seventeen issues in the attached forty-seven pages of various arguments and case law.[1] Within this list, he challenges the prohibition of medical marijuana use, raises various constitutional rights' violations, and the DOC's revocation of his conditional release. At least sixteen of Knudsen's issues are not appropriate for habeas corpus relief. Section 46-22-101(1), MCA.

Knudsen states that his original criminal case was in the Custer County District Court in 2009 and that his original sentence was illegal. This Court is familiar with Knudsen's underlying criminal case. In 2013, Knudsen sought habeas corpus relief of his

---

[1] Knudsen's Petition is overlength by thirty-five pages pursuant to M. R. App. P. 14(9)(b). We nevertheless address his singular claim instead of dismissing his Petition on that basis.

DOC sentence for a period of twenty years with ten years suspended, claiming the sentence violated § 46-18-201(3)(d)(i), MCA (2007). *Knudsen v. Kirkegard et al.*, No. OP 13-0519, Order, at 1 (Mont. Oct. 13, 2013) (*Knudsen I*). Knudsen also argued an illegal sentence due to receiving sentences for the felonies as well as the designation as a persistent felony offender (PFO).[2] Finding an illegal sentence pursuant to Montana law, we determined that the Custer County District Court erred when it imposed a sentence with all but the first five years suspended. *State v. Hicks*, 2006 MT 71, ¶ 46, 331 Mont. 471, 133 P.3d 206; § 46-18-201(3)(d)(i), MCA (2007). The State, in its response, conceded "that the District Court also improperly sentenced Knudsen because the sentences on the thefts and burglary were imposed separately from the PFO sentence." *Knudsen I*, at 2. We remanded to the District Court for resentencing.

Since 2020, Knudsen has been serving his sentence upon revocation. On September 24, 2020, the District Court revoked Knudsen's ten-year suspended sentence for felony theft and committed him to the DOC for a ten-year term with five years suspended. Knudsen is precluded from challenging his sentence upon revocation now and through this remedy of habeas corpus relief. Section 46-22-101(2), MCA. The time to bring his list of claims concerning constitutional rights and medical marijuana use was in an appeal in 2020. Knudsen did not appeal.

We address Knudsen's issues concerning the DOC's conditional release and revocation, as supported by his attached documents. The DOC has statutory authority to revoke Knudsen's conditional release after his arrest for probationary violations. Section 46-23-1020(2)(c), MCA. The DOC issued a Warrant to Arrest Conditional Release Offender on October 3, 2023, and listed the violations as: "Illegal Drug Use: Methamphetamine use and then absconded[.]" The DOC set forth in its October 10, 2023 Statement of Charges Knudsen's violations of the rules concerning reporting, residence, and illegal drug use. The DOC set forth Knudsen's rights along with the notice of hearing.

---

[2] Knudsen received a DOC sentence as a PFO to twenty years with ten years suspended along with three, concurrent sentences for the felonies—two counts of theft and one count of burglary.

2

Knudson waived the 48-hour notice for a hearing, requesting a hearing right away, and waived his right to attend the hearing. The DOC held a hearing on October 12, 2023, and recommended that Knudsen be placed at S.T.A.R.T. for further screening and placement.

Knudsen appealed the decision. The Probation and Parole Bureau's Deputy Chief upheld the decision of the Hearings Officer because Knudsen had absconded and could not provide evidence to the contrary. Knudsen received copies of the positive drug tests for methamphetamine. Knudsen's Probation Officer did not have to use the Montana Incentives and Intervention Guide (MIIG) because of Knudsen's non-compliance violation of absconding. *See* §§ 46-13-1001(1), (3)(d), and 46-23-1020(2)(c), MCA.

"There is no absolute standard for what constitutes due process." *McDermott v. McDonald*, 2001 MT 89, ¶ 10, 305 Mont. 166, 24 P.3d 200. Knudsen did not participate in the hearing based on his waiver. He cannot assert a violation of due process rights when he waived those rights. Knudsen was given notice of the hearing, and waived any further delay and waived the opportunity to appear in person. Knudsen has not demonstrated a violation of his due process rights.

A writ of habeas corpus is not the remedy for alleged constitutional violations. *Gates v. Missoula County Comm'rs*, 235 Mont. 261, 262, 766 P.2d 884, 884-85 (1988). The statute for habeas corpus relief "allows a prisoner to challenge the legal sufficiency of the *cause* for incarceration." *Gates*, 235 Mont. at 262, 766 P.2d at 884. (Emphasis in original). Knudsen is not entitled to reinstatement of his conditional release based on the information he has provided and what the DOC has decided. Knudsen is not entitled to habeas corpus relief. Section 46-22-101(1), MCA. Accordingly,

IT IS ORDERED that:

1. Knudsen's Petition for Writ of Habeas Corpus is DENIED and DISMISSED;

2. Knudsen's Motion for Appointment of Counsel is DENIED, as moot; and

3. this matter is CLOSED as of this Order's date.

The Clerk is directed to provide a copy of this Order to counsel of record and to Johnny Lee Knudsen personally.

3

DATED this 16 day of January, 2024.

_____

_____

_____

_____

_____
Justices