

FILED

10/01/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 24-0541

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## OP 24-0541

BOBBY JOE DAVIS JR.,

Petitioner,

v.

JIM SALMONSEN, WARDEN,
MONTANA STATE PRISON,

Respondent.

OCT - 1 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Bobby Joe Davis Jr. returns to this Court with a petition for a writ of habeas corpus, asking us to overturn the revocation of his sentence because of "the clear evidence that said revocation was based on insufficient evidence."

On April 2, 2019, the Fourth Judicial District Court, Missoula County, accepted Davis's guilty plea to felony partner or family member assault causing bodily injury, pursuant to § 45-5-206(1)(a), MCA, and committed Davis to the Department of Corrections (DOC) for a suspended, five-year term. The court awarded fifty-one days of credit for time served. On March 29, 2022, the District Court held a sentencing hearing for Davis's violations of his probationary conditions. After revoking his suspended sentence, the court committed Davis to the DOC for a five-year, unsuspended term. The court awarded six months of credit for street time, or elapsed time, as well as 121 days of credit for time served. The court recommended treatment followed by placement in a pre-release center.

Davis contends that the District Court revoked his sentence because of a criminal assault charge which was later dropped "based on the fact that said criminal charge was deemed to be an act of self[-]defense." Davis alleges various claims of constitutional violations, such as the right to be free from double jeopardy. Davis does not include any

documents, such as a court order or judgment or report of violation, in support of his arguments.[1]

Davis is barred from raising these arguments now and in this Court. A writ of habeas corpus is not the remedy for alleged constitutional violations. *Gates v. Missoula County Comm'rs*, 235 Mont. 261, 262, 766 P.2d 884, 884-85 (1988). The statute for habeas corpus relief "allows a prisoner to challenge the legal sufficiency of the *cause* for incarceration." *Gates*, 235 Mont. at 262, 766 P.2d at 884. (Emphasis in original.) The cause of Davis's incarceration is his sentence upon revocation.

The remedy of habeas corpus relief is not available to an offender who has received a sentence upon revocation. Section 46-22-101(2), MCA. The charge of a new criminal offense is considered a non-compliance violation. "'Compliance violation' means a violation of the conditions of supervision that is not a new criminal offense[.]" Section 46-23-1001(3)(a), MCA. Regardless of whether the criminal charge was dropped or dismissed, it appears Davis committed a non-compliance violation which caused a revocation of his suspended sentence in the District Court. Sections 46-23-1001(3)(a), 46-18-203(10)(b)(i), and 46-18-203(7)(a)(iii), MCA. Davis has not shown otherwise.

Davis is not illegally incarcerated, and he is not entitled to habeas corpus relief. Section 46-22-101(1), MCA. Accordingly,

IT IS ORDERED that Davis's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk is directed to provide a copy of this Order to counsel of record and to Bobby Joe Davis Jr.

DATED this ⟨1⟩ day of October, 2024.

_____
Chief Justice

---

[1] The only document Davis attached to his Petition was a screenshot of an email he represents is from the Helena Pre-Release Center's Deputy Director. The email appears to be in response to one or more previous emails, which are not included, and there is no context for the email.

_____

_____

_____

_____
                        Justices