ORIGINAL



FILED

10/23/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 24-0583

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 24-0583

_____

JUSTIN WADE BROWN,

      Petitioner,

    v.

JAMES SALMONSEN, Warden,
Montana State Prison,

      Respondent.

_____

FILED

OCT 2 3 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Representing himself, Justin Wade Brown has filed a Petition for Writ of Habeas Corpus, requesting this Court to overturn his convictions for driving under the influence from two different District Courts. Brown includes no attachments or exhibits.

Available electronic records indicate that in August 2018, the State of Montana charged Brown in Cascade County with driving under the influence of drugs (4th or subsequent offense, dangerous drug), a felony, in violation of § 61-8-401(1)(b), MCA. On December 6, 2019, the State charged Brown in Hill County with felony driving under the influence of alcohol or drugs (4th or subsequent offense), in violation of § 61-8-401, MCA. The State also charged him at that time with three other misdemeanors.

On July 13, 2020, the Twelfth Judicial District Court, Hill County, committed Brown to the Department of Corrections (DOC) for a suspended, five-year term and awarded credit for time served. The Hill County District Court ordered that Brown pay a $5,000 fine by cashier's check or money order, noting that the fine was suspended upon successful completion and graduation of the Hill County DUI Court. Brown did not appeal.

On October 5, 2020, Brown appeared with counsel for sentencing in Cascade County after pleading guilty to the felony as part of a plea agreement. The Eighth Judicial District Court committed him to the DOC for a four-year commitment with all but thirteen months suspended and made the sentence contingent on the condition that Brown complete

the Hill County Treatment Court during his suspended sentence. The court ordered Brown to pay a fine of $5,000, stating that the fine "may be satisfied, in whole or in part, with credit for time served and/or an equal payment to a community food bank, and/or Drug Court fees. The balance of the fine is suspended, based on [Brown's] indigence." The court also ran the sentence concurrently with any other sentence. Brown did not appeal.

Brown puts forth that this Court "RULED in the [latter] half of 2019 that said sentencing statute was unconstitutional." Referring to § 61-8-731(3), MCA, he contends that he has been sentenced under an unconstitutional statute, making his sentence illegal. He states that he committed the offense in 2019. He also claims that his convictions are based on an unconstitutional statute.

This Court did not rule in 2019 that the statute was unconstitutional. In 2024, this Court addressed the constitutionality of imposing a $5,000 fine when no hearing on the offender's indigency was held. *State v. Gibbons*, 2024 MT 63, 416 Mont. 1, 545 P.3d 686. Brown's situation is unlike Gibbons and that appeal.[1] Here, both District Courts suspended the payment of the fine while Brown attended treatment court; it appears that Brown did not complete treatment court, however, leading to his revocation. On September 22, 2023, in its Order Revoking Suspended Sentence, the Hill County District Court revoked the remainder of Brown's sentence and waived all the fines "due to [Brown's] inability to pay."

Brown's remedy is not through this writ. Habeas corpus is not the appropriate remedy to challenge a statute's constitutionality. *See Gates v. Missoula County Comm'rs*, 235 Mont 261, 262, 766 P.2d 884, 884 (1988) (The habeas corpus "statute allows a prisoner to challenge the legal sufficiency of the *cause* for incarceration.") (Emphasis in original). Brown's cause of his incarceration is his recent sentences. Brown cannot challenge his convictions or a sentencing statute through this remedy either. His remedy would have been a timely appeal; by not appealing his convictions and sentences, he is precluded from

---

[1] As in *Gibbons*, though, the 2019 version of this statute would apply to Brown's 2019 offense committed in Hill County, yet the fine was not imposed. In 2021, the Montana Legislature repealed § 61-8-731, MCA, effective January 1, 2022. Mont. Laws 2021, ch. 498, § 44.

challenging either his convictions or his sentences now because he has exhausted the remedy of appeal. Section 46-22-101(2), MCA.

Brown has not demonstrated an illegal sentence. Section 46-22-101(1), MCA.

IT IS THEREFORE ORDERED that Brown's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

IT IS FURTHER ORDERED that this matter is CLOSED as of this Order's date.

The Clerk is directed to provide a copy of this Order to counsel of record and to Justin Wade Brown personally.

DATED this 23rd day of October, 2024.

_____
Chief Justice

_____

_____

_____

_____
Justices

3