FILED

10/23/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 24-0584

 ORIGINAL

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 24-0584

_____

RANCE HERTZ,

     Petitioner,

v.

JAMES SALMONSEN, Warden,
Montana State Prison,

     Respondent.

_____

FILED

OCT 23 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Representing himself, Rance Hertz has filed a Petition for Writ of Habeas Corpus, alleging constitutional violations of equal protection and due process because he has not had an appearance before the Board of Pardons and Parole (Board). Hertz has not included any supporting documents.

Hertz explains that after receiving a sentence upon revocation, he "was transferred to the Montana State Prison (MSP) and placed in [an] intake unit" known as the Martz Diagnostic Intake Unit (M.D.I.U.). He cites to Admin. R. M. 20.25.305(6) (2012) where the rule provides that an incarcerated offender must be classified and living in an assigned housing unit for a minimum of 60 days before a Board appearance. Hertz maintains that he has been denied due process of law because he has not had an appearance and that he may be held in the M.D.I.U. for more than 180 days. He questions why some inmates have an appearance before he does and alleges disparate treatment. He puts forth that the Department of Corrections (DOC) is violating his constitutional rights and that he is unclear of a "specific policy" for these determinations. Hertz concludes that these alleged constitutional violations make his sentence illegal.

This Court secured a copy of Hertz's most recent written judgment. Hertz appeared on May 30, 2024, in the Fourth Judicial District Court, Missoula County, for sentencing

after he violated his probationary conditions. The District Court revoked his prior suspended sentence imposed in 2013, and the court sentenced him to MSP for ten years with six years suspended. The court awarded both credit for time served and elapsed time.

Hertz is correct that the Administrative Rules of Montana list the parole eligibility criteria, as he cites. Besides being classified and housed, he must have 120 days of clear conduct. Admin. R. M. 20.25.305(5) (2012). Additionally, the MSP Records Department would have calculated his parole eligibility and prison discharge dates based on ineligibility of parole by operation of statute or other court-imposed criteria. Admin. R. M. 20.25.305(1) (2012). According to available electronic records, Hertz has a parole eligibility date of June 26, 2024, yet he would not have an appearance until the other eligibility criteria are met.

"As a general rule, inmates have no liberty interest in parole." *McDermott v. McDonald*, 2001 MT 89, ¶ 8, 305 Mont. 166, 24 P.3d 200. This Court has repeatedly stated that "parole is a privilege and not a right." *McDermott*, ¶ 19. Hertz's sentence, history, and conduct are different than another inmate's situation, resulting in a different sentence calculation. The Board will give notice to Hertz about an appearance after he has been classified and housed.

Hertz's claims are not remedied by a writ of habeas corpus. Habeas corpus is not the appropriate remedy to raise claims of constitutional violations, such as due process or equal protection. *See Gates v. Missoula County Comm'rs*, 235 Mont 261, 262, 766 P.2d 884, 884 (1988) (The habeas corpus "statute allows a prisoner to challenge the legal sufficiency of the *cause* for incarceration.") (Emphasis in original). Hertz has not challenged the cause of incarceration, which is his recent sentence upon revocation.

Hertz has not demonstrated an illegal sentence. Section 46-22-101(1), MCA. He is not entitled to habeas corpus relief. Therefore,

IT IS ORDERED that Hertz's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

2

IT IS FURTHER ORDERED that this matter is CLOSED as of this Order's date.

The Clerk is directed to provide a copy of this Order to counsel of record and to Rance Hertz personally.

DATED this 23rd day of October, 2024.

_____
Chief Justice

_____

_____

_____

_____
Justices