ORIGINAL

FILED

12/13/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0669

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 22-0669

DENNIS MARTIN FRIEDT,

Petitioner,

v.

JIM SALMONSEN, Warden,
MONTANA STATE PRISON,

Respondent.

ORDER

FILED

DEC 13 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Representing himself, Dennis Martin Friedt has filed a petition for habeas corpus relief, arguing that since he has served five years incarcerated at the Montana State Prison and other facilities, he is eligible to be released upon parole, pursuant to *Board of Pardons v. Allen*, 482 U.S. 369, 107 S. Ct. 2415 (1987). We amend the caption to reflect "where and by whom the petitioner is confined or restrained." Section 46-22-201(1)(c), MCA.

This Court is familiar with Friedt's criminal history. In early 2018, Friedt entered guilty pleas to four counts of sexual assault. On April 6, 2018, the Yellowstone County District Court sentenced Friedt to the Montana State Prison for a concurrent, fifty-year term with twenty-five years suspended. The court imposed a fifteen-year parole ineligibility restriction. Through counsel, Friedt appealed. On November 12, 2019, this Court dismissed Friedt's appeal after independent examination of the record, pursuant to § 46-8-103(2), MCA, and *Anders v. Ca.*, 386 U.S. 738, 87 S. Ct. 1396 (1967). *State v. Friedt*, No. DA 18-0363, Order (Mont. Nov. 12, 2019).

Friedt argues that "[s]uch deprivation of a protected liberty interest is a violation of [his] civil rights as is guaranteed to him under the Fourteenth Amendment to the United States Constitution." He raises three issues that we summarize. Friedt contends that he

has been denied: (1) Due Process of Law as well as the benefit of retroactive application of the law; and (2) Equal Protection and application of the law. He further contends that he has been exposed to cruel and unusual punishment under the U.S. Constitution's Eighth Amendment. Friedt requests an investigation and an evidentiary hearing.

As an appellate court of review, this Court does not conduct investigations or hold fact-finding, evidentiary hearings. We point out that this Court addressed Friedt's previous claim where he put forth that after serving a five-year sentence, he is entitled to release. We stated: "Montana law provides that, for these sexual assault convictions, "the offender shall be punished by life imprisonment or imprisonment in the state prison for a term of not less than 4 years[.]" Section 45-5-502(3), MCA (2017)." *Friedt v. State and Salmonsen*, No. OP 22-0338, Order at 2 (Mont. Aug. 30, 2022).

Friedt has not been denied any benefit of law because the law has changed. Friedt has no protected liberty interest in parole. The high court issued the *Allen* decision in 1987, and the Montana Legislature changed the applicable statute. "In response to *Allen*, the Montana legislature amended § 46-23-201, MCA, to state that 'the Board *may* release' inmates on parole when there is a reasonable probability that the prisoner can be released without detriment. Section 46-23-201, MCA (1989)." *Worden v. Mont. Bd. of Pardons & Parole*, 1998 MT 168, ¶ 42, 289 Mont. 459, 962 P.2d 1157. This Court determined that "this amendment extinguished any federally-protected liberty interest in parole for all Montana Inmates." *Worden*, ¶ 42. Friedt committed his offenses well after 1989.

"Under both Montana and federal precedent, parole is a privilege and not a right." *McDermott v. McDonald*, 2001 MT 89, ¶ 19, 305 Mont. 166, 24 P.3d 200. While Friedt may be eligible for parole, that eligibility does not entitle him to immediate release. We observe that in 2018, the District Court imposed a lawful, fifteen-year parole eligibility restriction. Section 46-18-202(2), MCA (2017). We have stated that "[p]arole . . . is a discretionary grant of freedom from incarceration." *McDermott*, ¶ 24. The Board of Pardons and Parole has broad authority and discretion to decide an inmate's parole. *McDermott*, ¶ 25.

2

Friedt's arguments lack merit. Friedt cannot demonstrate constitutional violations in this remedy of habeas corpus. More than thirty years ago, this Court stated that alleged violations of constitutional rights cannot be addressed in a writ of habeas corpus because the claims do not "challenge the legal sufficiency of the *cause* for incarceration." *Gates v. Missoula County Comm'rs.*, 235 Mont. 261, 262, 766 P.2d 884, 884-85 (1988). (Emphasis in original.)

Friedt has not demonstrated an illegal sentence. Section 46-22-101(1), MCA. Friedt is not entitled to his release or habeas corpus relief. Accordingly,

IT IS ORDERED that Friedt's Petition for Writ of Habeas Corpus is DENIED.

IT IS FURTHER ORDERED that this matter is CLOSED as of this Order's date.

The Clerk is directed to provide a copy of this Order to counsel of record and to Dennis Martin Friedt personally.

DATED this 13 day of December, 2022.

_____
Chief Justice

_____

_____

_____

_____
Justices

3